**UNITED STATES of America, Appellee,**

v.

**Tommy Ray WEST, Appellant.**

**No. 72–2428.**

United States Court of Appeals, Fourth Circuit.

Submitted April 12, 1973.

Decided May 7, 1973.

at which time he was directed to report to the United States · Marshal to commence serving his sentence. West did not appear as ordered on May 15. Subsequently, he was convicted of bail jumping in violation of 18 U.S.C. § 3150 and received a 24-month sentence which was to be served concurrently with the sentence imposed on May 4.

West now contends that his failure to report to the United States Marshal as ordered is not an offense punishable under 18 U.S.C. § 3150, since the United States Marshal is neither a court nor a judicial officer.

Section 3150 provides in pertinent part:

> Whoever, having been released pursuant to this chapter, willfully fails to appear before *any court or judicial officer* as required, * * * shall, (1) if he was released in connection with a charge of felony * * * be fined not more than $5,000 or imprisoned not more than five years, or both * * *. (Emphasis supplied.)

William L. Cofer, Winston-Salem, N. C. (Court-appointed counsel), on brief for appellant.

William L. Osteen, U. S. Atty., and Bradley J. Cameron, Asst. U. S. Atty., on brief for appellee.

Before SOBELOFF and BOREMAN, Senior Circuit Judges, and WINTER, Circuit Judge.

PER CURIAM.

On May 4, 1972, Tommy Ray West was convicted of possessing and concealing counterfeit Federal Reserve notes and was sentenced to imprisonment for 24 months. Upon motion of his counsel, the District Court extended West's existing appearance bond until May 15, 1972,

The term "judicial officer" is then defined by 18 U.S.C. § 3152(1) as "any person or court authorized pursuant to section 3041 of this title, or the Federal Rules of Criminal Procedure, to bail or otherwise release a person before trial or sentencing or pending appeal in a court of the United States"; and section 3041[1] does not mention the office of United States Marshal.

We have also examined the applicable rules of the Federal Rules of Criminal Procedure, Rule 46, and find no express or implied mention of a Marshal in connection with the authority to bail or otherwise release a person before trial or sentencing or pending appeal. In view of this restrictive definition of "judicial officer," we agree with defendant that a

---

1. 18 U.S.C. § 3041 provides in pertinent part:

For any offense against the United States, the offender may, by any justice or judge of the United States, or by any United States magistrate, or by any chancellor, judge of a supreme or superior court, chief or first judge of common pleas, mayor of a city, justice of the peace, or other magistrate, of any state where the offender may be found * * * be arrested and imprisoned or released * * *.

United States Marshal is not a judicial officer under 18 U.S.C. § 3150.[2]

Notwithstanding the fact that a United States Marshal is not to be equated with a judicial officer under § 3150, we affirm West's conviction. The essence of the crime of bail jumping is willful failure to appear before "any court or judicial officer as required." As a condition of defendant's bond, the court ordered him to report to the United States Marshal at a specific time to begin serving his sentence. An unnecessary waste of judicial time and energy would result if we were to require that each person in West's position appear before the court itself. No discretionary action at all is involved.

Under these circumstances it is appropriate to view the United States Marshal as the designated agent of the court for the limited purpose of taking West into custody. *Cf.* United States v. Cardillo, 473 F.2d 325 (4th Cir. 1972). Accordingly, we dispense with oral argument and affirm the judgment of the court below.

Affirmed.

2. In a case involving construction of the same statutory language, the United States Court of Appeals for the Fifth Circuit held that a probation officer is not a judicial officer within the meaning of 18 U.S.C. § 3150. United States v. Clark, 412 F.2d 885 (5th Cir. 1969).