**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**M. J. Mickey LOGAN, Defendant-**
**Appellant.**

**No. 74–1398.**

United States Court of Appeals,
Fifth Circuit.

Dec. 13, 1974.

Victor K. Sizemore, El Paso, Tex. (court-appointed), for defendant-appellant.

William S. Sessions, U. S. Atty., San Antonio, Tex., Ronald Ederer, Michael T. Milligan, Asst. U. S. Attys., El Paso, Tex., for plaintiff-appellee.

Before WISDOM and BELL, Circuit Judges, and BREWSTER, District Judge.

BREWSTER, District Judge:

This appeal is from a judgment of conviction for jumping bail in a felony case.[1]

On June 1, 1973, appellant was sentenced by the federal court in El Paso, Texas to serve an indeterminate term[2] not to exceed five years, with a special statutory parole term added, on a conviction for conspiracy to import a quantity of marihuana, a Schedule I Controlled Substance, in violation of 21 U.S.C. §§ 952(a) and 960(a)(1). The appellant's wife and child lived in Houston, Texas, a distance of about 750 miles from El Paso, and he asked the Court for an opportunity to make arrangements for their care during his incarceration. For such purposes, the Court allowed him to remain on bail until June 8, 1973, and he was directed to report back to the Court in El Paso on that date to begin service of his sentence. The appellant thereupon requested that he be allowed to surrender to the U. S. Marshal in Houston. The Court granted that request, and directed him to report to the Marshal at Houston at noon on June 8, 1973.

The appellant did not report to custody as ordered, and, on June 13, 1973, the federal grand jury at El Paso, returned the present indictment, which charged:

"That on or about June 8, 1973, M. J. MICKEY LOGAN, having been released on bail pursuant to Chapter 207, Title 18, U.S.C. after having been convicted and sentenced under the felony charge of conspiracy to import a quantity of marihuana, a Schedule I Controlled Substance, contrary to 21 U.S.C. # # [§§] 952(a) and 960(a)(1), knowingly and wilfully failed to appear for incarceration in the U. S. Marshal's office, Houston, Texas, at 12:00 P.M. on June 8, 1973, as per orders of the United States District Court for the Western District of Texas, El Paso Division, in violation of 18 U.S.C. # [§] 3150."

The appellant was not apprehended on his conviction on the marihuana conspiracy charge or on the indictment in the instant case until he surrendered to the U. S. Marshal at Dallas, Texas, on September 28, 1973, almost four months after the date he was ordered to report to the U. S. Marshal at Houston. The sentence proceedings show that his surrender was due to considerable urging by his wife.

The trial on the present charge was on a plea of not guilty before the Court without a jury. The contest in the trial was over the pertinent law. The facts, as above set out, were before the Court uncontested. The Court found the defendant guilty as charged, and assessed a penalty of five years imprisonment to run consecutively to the sentence in the marihuana conspiracy case. The sentence was later probated upon a showing that the appellant had told the Drug Enforcement Agents all he knew about the persons involved in his dealings with

---

1. The conviction in the present case was under 18 U.S.C. § 3150, which, in pertinent part, provides:

"Whoever, having been released pursuant to this chapter, willfully fails to appear before any *court* or *judicial officer* as required, shall . . ., incur a forfeiture of any security which was given or pledged for his release, and, in addition, shall, (1) if he was released in connection with a charge of felony, or while awaiting sentence or pending appeal or certiorari after conviction of any offense, be fined not more than $5,000 or imprisoned not more than five years, or both . . . .." (Emphasis added).

2. The sentence was made indeterminate under the provisions of 18 U.S.C. § 4208(a)(2), which says:

" . . . (2) the court may fix the maximum sentence of imprisonment to be served in which event the court may specify that the prisoner may become eligible for parole at such time as the board of parole may determine."

marihuana. One of the conditions of his probation was that he pay his $10,000.00 bond forfeiture in the marihuana case in monthly installments under a plan to be worked out with the probation officer.[3]

The grounds urged for reversal are:

(1) The appellant was guilty of no offense under the facts because the U. S. Marshal, to whom he was ordered to report, could not come within the terms, "court of judicial officer", used in 18 U.S.C. § 3150.

(2) The $10,000.00 the appellant was ordered to pay was a fine, and it was in excess of the maximum fine of $5,000.00 provided for in 18 U.S.C. § 3150.

 The disposition of the first contention will depend upon the construction of the language, "any court or judicial officer," set out in the portion of 18 U.S.C. § 3150 heretofore quoted in footnote 1. The term "judicial officer" is defined in 18 U.S.C. § 3152. Admittedly, a United States Marshal is not a "court or judicial officer", as those terms are used in the above statutes; but we agree with the holding in United States v. West, 4 Cir., 477 F.2d 1056 (1973), that under circumstances substantially the same as those here, it is appropriate to view the Marshal as the designated agent of the Court for the purpose of taking a sentenced defendant into custody. In that case, the Court, after agreeing with the appellant there that a United States Marshal did not come within the terms, "court or judicial officer", said at p. 1058:

"Notwithstanding the fact that a United States Marshal is not to be equated with a judicial officer under § 3150, we affirm West's conviction. The essence of the crime of bail jumping is willful failure to appear before 'any court or judicial officer as required.' As a condition of defendant's bond, the court ordered him to report to the United States Marshal at a specific time to begin serving his sentence. An unnecessary waste of judicial time and energy would result if we were to require that each person in West's position appear before the court itself. No discretionary action at all is involved.

"Under these circumstances it is appropriate to view the United States Marshal as the designated agent of the court for the limited purpose of taking West into custody. Cf. United States v. Cardillo, 473 F.2d 325 (4th Cir. 1972). Accordingly, we dispense with oral argument and affirm the judgment of the court below."

United States v. Cardillo, 4 Cir., 473 F.2d 325 (1973), cited in the quotation just above, is also authority for the proposition that under limited conditions, the court may designate an appropriate officer as agent to carry out some of its obligations under the Bail Reform Act. In that case, the appellant contended that his bail jumping conviction should be reversed because the courtroom clerk, rather than the district judge, delivered to him the warning of the penalties applicable to violation of his conditions of release, as required by 18 U.S.C. § 3146(c).[4] The clerk gave such warning in open court at the direction and in the presence of the presiding judge. There was no question about the

---

3. The appellant was free on a $10,000.00 surety bond in the marihuana conspiracy case. His father signed the bond as surety. It was forfeited upon appellant's failure to report as ordered. The father was hard pressed, and the Court did not want him to suffer for the default of his son. He told the probation officer at the time of sentencing that the schedule to be worked out with the appellant should not call for payments until appellant got out of prison and obtained a job.

4. 18 U.S.C. § 3146(c) required in part that "[a] judicial officer authorizing the release of a person under this section . . ., shall inform such person of the penalties applicable to violations of the conditions of his release . . .."

correctness of the warning as given. The Court of Appeals held that there was a substantial compliance with the statute under the circumstances as "the clerk acted under the guidance of and as the agent for the presiding judge", and upheld the conviction.

There is no reported case in this Circuit on the exact question here presented. United States v. Clark, 5 Cir., 412 F.2d 885 (1969), though not cited in the briefs, is the only bail jumping case by this Court which could give any support to appellant's contention. We feel that *Clark* is distinguishable on the facts; and that while there is some language in its opinion which might give comfort to the appellant, it should not be expanded to apply to entirely different fact situations. In *Clark,* the trial court adjudged the defendant guilty of a violation of the Dyer Act [5] upon his plea of guilty, and deferred sentence to await a presentence report. From there on, there was an atmosphere of uncertainty about some of the material facts regarding what the defendant was supposed to do. No fixed date was set for the sentencing at the time of the deferment. The following quotation from the opinion sets out the occurrences after the defendant was released on his own recognizance:

". . . Thereafter the court *apparently* directed appellant to report to Charles Raggio, the probation officer, for completion of the presentence report. The record does not reflect whether this directive was made a condition of release or whether it was included in the written appearance bond that appellant signed. The record is also unclear as to the terms upon which Clark was to report to the probation officer, whether for one day

only, or until the presentence report was complete, or on such terms as the probation officer might thereafter impose.[6]" (Emphasis added).

The defendant *did* report to Mr. Raggio at the time the government claims he was directed to report. About 45 minutes later, the defendant requested permission to go to the home of his grandparents. The probation officer granted such permission upon condition that he return at 8:00 a. m. the next morning to assist in completing the presentence report. He failed to return at the specified time, and a warrant was issued later that day for his arrest. He was subsequently taken into custody, and sentence was imposed on his Dyer Act conviction. The opinion says:

". . . At that time appellant was 19 years old and a first offender. He received a maximum sentence of five years imprisonment." Thereafter, he was indicted for bail jumping because of his alleged "willful failure to appear before a United States probation officer as required by a condition of his bail bond." He was tried, convicted and sentenced to another maximum term of five years to run consecutively to the five year sentence in the Dyer Act case. The Court of Appeals reversed the conviction on the ground that a probation officer did not come within the terms, "court or judicial officer."

The *Clark* case is distinguishable from the present case on a number of grounds, but the ones that follow will suffice. Clark was not tried for willful failure to appear before an officer designated by a court order. The indictment alleged that Clark's obligation to appear before the probation officer arose from a condition in his bail bond.

5. 18 U.S.C. § 2312.

6. The statement in the above quotation about the uncertainty of how the directive to report was handled is important because the

factual basis alleged in the bail jumping indictment was the defendant's "willful failure to appear before a United States probation officer as required by a condition of his bail bond." (412 F.2d, at 887).

Also, as is mentioned in the opinion in that case, Clark's appearance before the probation officer was a compliance with the judge's directive to appear, if it was given. Under the circumstances, the question of the authority of the Court to designate an appropriate agent to act for the Court under limited circumstances under the Bail Reform Act was not before the Court. In addition, the trial judge, in referring Clark to the probation officer, could not avoid the exercise by him of discretionary action. The opinion in that case points out the havoc that would flow from the exercise of such discretion.[7] There can be no such havoc resulting from an order of the Court to report to a designated United States Marshal, at a specified time and place, to be taken into custody. As was pointed out in the West case: ". . . No discretionary action at all is involved." (477 F.2d, at 1058). Finally, the opinion in the *Clark* case says that Clark's "failure to keep an appointment with a probation officer did not therefore constitute the kind of non-appearance which § 3150 of the Bail Reform Act was designed to discourage." 412 F.2d, at 891. The same could not be said about the failure to obey an order of the Court to report to the U. S. Marshal to begin service of sentence. A bail bond would be meaningless if the defendant could discharge all his obligations thereunder by making the necessary appearances down to the point of entering custody to begin service of his sentence. If the trial judge in this case had required the defendant to make the 750 mile trip from Houston to El Paso at his own expense to report to the court itself, he would have been promptly turned over to the U. S. Marshal. No confusion or havoc could possibly arise from the Court's designation of the U. S. Marshal at Houston as its agent to receive the defendant under the circumstances.

■ The appellant's contention that the requirement for him to pay $10,000.00 was a fine is not supported by the record. Without conceding that the colloquy regarding the payment by appellant of the $10,000.00 is subject to the construction put on it by his counsel, it is sufficient to say that the matter was settled by the judgment entered on February 1, 1974. The following is quoted from that judgment: "The execution of said sentence of imprisonment is hereby suspended and defendant placed on probation for a period of FIVE YEARS with supervision, said sentence to run consecutively to sentence defendant is now serving in P–73–CR–16, with condition that he pay the Judgment on Forfeiture of Bail of $10,000 in monthly installments." Under the circumstances, the requirement that the appellant pay $10,000.00 had reference to the bond forfeiture, and was not a fine.

Affirmed.

---

7. An additional reason for holding that a probation officer is not a judicial officer as that term is used in the Bail Reform Act is the havoc which a contrary ruling would create in other provisions of the Act. Not only would acceptance of the government's position permit probation officers to release an accused on bail pursuant to § 3146(a), but if a probation officer is a judicial officer then he would also be required to issue orders containing the conditions of release, 18 U.S. C.A. § 3146(c), to entertain motions to modify the conditions of release, 18 U.S.C.A. § 3146(c), to amend his orders at any time to impose additional conditions, 18 U.S.C.A. § 3146(e), and to detain or release material witnesses in a criminal proceedings, 18 U.S. C.A. § 3149. Such an expansive concept of a probation officer's duties not only seems novel in the extreme, it runs contrary to the avowed Congressional purpose expressed in the history of the Bail Reform Act not to subject probation officers to "additional duties [that] might require additional personnel." See 1966 U.S.Code Cong. and Admin. News, p. 2293. (412 F.2d, at 889).