STATE of Iowa, Appellee,

v.

Dennis Lee HUTCHISON, Appellant.

No. 59068.

Supreme Court of Iowa.

June 30, 1976.

P. D. Furlong, Sioux City, for appellant.

Richard C. Turner, Atty. Gen., Michael W. Coriden, Asst. Atty. Gen., and Zigmund Chwirka, County Atty., J. F. M. Samore, Asst. County Atty., for appellee.

Submitted to MOORE, C. J., and Le-GRAND, REES, UHLENHOPP and HARRIS, JJ.

MOORE, Chief Justice.

On November 21, 1975 defendant Dennis Lee Hutchison entered a plea of guilty to the charge of assault with intent to inflict great bodily injury in violation of Code section 694.6. Sentencing was delayed pending preparation of a presentence report. Prior to entry of sentence, the court permitted defendant's counsel to be heard regarding reasons why Hutchison should be given probation. The county attorney recommended the maximum one-year jail sentence. Having heard counsel and considered the presentence report, trial court sentenced Hutchison to serve a term of one year in the Woodbury County jail. All but the first 90 days of the jail term were suspended and defendant granted probation thereafter upon good behavior. Mittimus was withheld until January 5, 1976 to per-

mit defendant to spend the Christmas holiday with his children. Defendant has appealed the sentence urging adoption of the ABA standards for sentencing and alleging abuse of discretion by trial court in imposing the 90-day confinement sentence. We affirm.

I. We have expressly declined to adopt the ABA standards for appellate review of sentencing in *State v. Peckenschneider*, Iowa, 236 N.W.2d 344, 348; *State v. Harvey*, Iowa, 236 N.W.2d 47, 48, and *State v. Dittmar*, Iowa, 239 N.W.2d 545, 546. We again decline to do so. Defendant's first contention is without merit.

II. Defendant next argues trial court abused its discretion in sentencing him to 90 days in jail. Our scope of review is governed by Code section 793.18 which we have interpreted to vest the decisions regarding imposition of jail sentences or fines or probation within the sound discretion of trial court. *State v. Peckenschneider*, supra, 236 N.W.2d at 348, and citations.

The presentence report shows defendant was before the juvenile court during 1964 and 1965 for fighting, stealing and cruelty to animals. His commitment to the Eldora Boys Training School was withheld during good behavior. However, it appears Mr. Hutchison has no prior record of criminal activity as an adult. According to statements made by defendant's counsel, Hutchison has custody of two minor children from a prior marriage. He had been steadily employed for two to three years and was the sole source of support for himself and the children. Counsel's statements indicated defendant had been drinking heavily and was intoxicated at the time of the offense.

The minutes of testimony attached to the county attorney's information indicate a senseless and severe beating administered by defendant and a companion upon a deputy sheriff of Woodbury County. Persons in the vicinity who attempted to help the victim would have testified to their efforts at restraining defendant by pulling his hair and to his attempts to strike those who

were interfering with the beating. Considering the nature of the assault, the court attorney stated:

"* * * because the State feels it was brutal and senseless, the State would recommend the maximum jail sentence in this case."

In light of the foregoing, we are convinced trial court did not abuse its discretion in ordering 90 days jail confinement and then probation. The court was obviously very sensitive to defendant's situation and attempted to balance the needs of society to be free from attacks such as the one involved here, against defendant's individual situation. The suspension of the mittimus until after the Christmas holidays demonstrated an attempt to minimize the impact of the sentence on defendant's family.

The sentence imposed in the instant case was well within the statutory maximum penalty and within trial court's sound discretion. *State v. Dittmar*, supra. The judgment and sentence is therefore affirmed.

AFFIRMED.