**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**David BLACK, Defendant-Appellant.**

**No. 75–1478.**

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 7, 1975.

Decided Oct. 27, 1976.

Ronald V. Aungst, Valparaiso, Ind., for defendant-appellant.

Andrew B. Baker, Jr., Asst. U. S. Atty., Hammond, Ind., John R. Wilks, U. S. Atty., Fort Wayne, Ind., for plaintiff-appellee.

Before ADAMS * and TONE, Circuit Judges, and CAMPBELL, Senior District Judge.**

WILLIAM J. CAMPBELL, Senior District Judge.

Pending appeal of his conviction for violating 18 U.S.C. § 1014,[1] appellant was released on bond pursuant to 18 U.S.C. § 3148. Under the terms of his bond, appellant was required to appear before the district court and at such other places in accordance with any and all orders and directions which that court might issue. Appellant was subsequently indicted and convicted under 18 U.S.C. § 3150, for failing to comply with an order of the district court directing him to report to the United States Marshal for commencement of his sentence. It is from the latter conviction that this appeal has been taken. We affirm.

The facts are not in dispute. On November 15, 1974, this court issued an unpublished order affirming Black's conviction for violating 18 U.S.C. § 1014. On January 7, 1975, the government moved the district court for an order revoking defendant's appeal bond. On that same date, the district court entered an order requiring the defendant to report to the United States Marshal at the United States Courthouse in Hammond, Indiana on January 13, 1975 at 9:00 A.M. to commence service of his sentence.

On January 13, 1975 Black's counsel filed a "Verified Petition for Reconsideration of Probation and/or Reduction of Sentence", and also requested a stay of execution of the sentence. These motions were immediately denied by the district court. It is undisputed that, on January 13, 1975, Black did not comply with the district court's order of January 7, 1975 requiring that he surrender himself to the United States Marshal.

On January 29, 1975, the government filed a petition requesting that defendant's bond be forfeited, and on February 5, 1975, an indictment was returned charging that defendant's failure to report to the United States Marshal, as ordered, constituted a violation of 18 U.S.C. § 3150. That section provides that a person released pending appeal may be fined $5,000.00 or imprisoned for not more than five years for his wilful failure "to appear before any court or judicial officer as required."

On February 11, 1975, Black's counsel replied to the government's motion for forfeiture of bond, and also filed a motion to dismiss the indictment. He argued that the district court had no jurisdiction to issue its order of January 7, 1975 because, at that time, the mandate of this court affirming Black's conviction had not yet been received by the Clerk of the District Court. (The record shows that a certified copy of this Court's judgment was not received by the district court until March 17, 1975.) On April 25, 1975, the district court denied defendant's motion to dismiss the indictment, and subsequently, defendant was found guilty by a jury of violating 18 U.S.C. § 3150.

In reliance upon Rule 41(a) of the Federal Rules of Appellate Procedure,[2] defendant argues on appeal that prior to receiving this court's mandate—a certified copy of our judgment affirming Black's conviction for violating 18 U.S.C. § 1014—the district court was not empowered to require the

---

\* The Honorable Arlin M. Adams of the United States Court of Appeals for the Third Circuit is sitting by designation.

\*\* The Honorable William J. Campbell, Senior District Judge of the United States District Court for the Northern District of Illinois is sitting by designation.

1. Specifically, appellant was convicted of knowingly making a false statement in a loan application submitted to a bank insured by the Federal Deposit Insurance Corp. He was sentenced to a term of two years imprisonment.

2. Rule 41(a) provides, in pertinent part, that: "The mandate of the court shall issue 21 days after the entry of judgment unless the time is shortened or enlarged by order. A certified copy of the judgment and a copy of the opinion of the court, if any, and any direction as to costs shall constitute the mandate, unless the court directs a formal mandate issue."

defendant to appear for service of his sentence. Essentially, appellant argues that subsequent to the filing of a Notice of Appeal and prior to receiving the mandate of the Court of Appeals, the district court has no jurisdiction relative to a matter pending on appeal. Consequently, defendant argues that the district court did not resume jurisdiction over the subject matter until March 17, 1975, and that therefore its order of January 7, 1975 was issued without jurisdiction and cannot provide the factual basis for an indictment charging a violation of 18 U.S.C. § 3150.

Under 18 U.S.C. § 3148, a person who has been convicted of an offense and has filed an appeal is to be treated in accordance with the provisions of 18 U.S.C. § 3146 (pertaining to release in noncapital cases prior to trial), unless the court has reason to believe that "no one or more conditions of release will reasonably assure that the person will not flee or pose a danger to any other person or to the community." Further, § 3148 provides that a convicted defendant may be detained pending appeal "if it appears that an appeal is frivolous or taken for delay . . . ".

■ The filing of a notice of appeal, although transferring jurisdiction over the case from the district court to the Court of Appeals, does not render the district judge powerless or without jurisdiction to enforce the conditions of a bond under which defendant has been released pending appeal. The court retains jurisdiction over the person of the defendant at least for the limited purposes of reviewing, altering or amending the conditions under which that court released the defendant, and is empowered to revoke or forfeit the defendant's bond during the pendency of an appeal for any of the reasons which would have supported an initial denial of the defendant's application for release. In view of the fact that, during the pendency of an appeal, facts may come to light which render it advisable for the district court to alter the conditions upon which defendant has been released, or to revoke his bond altogether, the same statute which explicitly empowers the district court to impose conditions upon release pending appeal, implicitly empowers the court to make such adjustments in those conditions as circumstances may necessitate.

■ In the instant case, when the district judge was informed that Black's conviction had been affirmed by this court, it was clear that the appeal was not meritorious. Notwithstanding the fact that our mandate was not received by the district court until March 17, 1975, it was proper and consonant with the provisions of 18 U.S.C. § 3148 for the district judge to order that the defendant report to the United States Marshal to commence service of his sentence. Defendant's wilful refusal to comply with that order constituted a wilful failure "to appear before any court or judicial officer as required", within the meaning of 18 U.S.C. § 3150.[3] Accordingly, we find that it was not error to deny appellant's motion to dismiss the indictment, and accordingly affirm the judgment of the district court.

AFFIRMED.

---

**3.** While not raised as an issue by the parties, an indictment charging the wilful failure to surrender to the United States Marshal for the purpose of commencing the service of sentence, as required by court order, has been held to adequately charge a violation of 18 U.S.C. § 3150 —wilful failure to "appear before any court or judicial officer as required". Although the United States Marshal is not a "judicial officer," as such, in the context of § 3150, he has been deemed to be a designated agent of the court for the limited purpose of taking a defendant into custody. *United States v. West,* 477 F.2d 1056, 1058 (4th Cir. 1973); *United States v. Logan,* 505 F.2d 35, 37 (5th Cir. 1974). But see, *United States v. Clark,* 412 F.2d 885 (5th Cir. 1969); *United States v. Wray,* 369 F.Supp. 118 (W.D.Mo.1973). Thus, the wilful failure to surrender to the United States Marshal has been held to constitute a failure "to appear before any court . . . as required", within the meaning of the statute.