**UNITED STATES of America, Appellee,**

v.

**Marcus James HARRIS, Appellant.**

**No. 76–1611.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 13, 1976.

Decided Nov. 9, 1976.

---

Raymond J. Gazzo, Des Moines, Iowa, for appellant.

Allen L. Donielson, U.S. Atty. and Paul A. Zoss, Asst. U.S. Atty, Des Moines, Iowa, on the brief, for appellee.

Before LAY, ROSS and STEPHENSON, Circuit Judges.

LAY, Circuit Judge.

The defendant Marcus James Harris appeals from his conviction under 18 U.S.C. § 3150 [1] for willfully failing, while on bond, to appear as required, before "a court or judicial officer."[2]

In April 1973, following a plea of not guilty, the defendant was tried and convict-

---

1. 18 U.S.C. § 3150 reads:

Whoever, having been released pursuant to this chapter, willfully fails to appear before any court or judicial officer as required, shall, subject to the provisions of the Federal Rules of Criminal Procedure, incur a forfeiture of any security which was given or pledged for his release, and, in addition, shall, (1) if he was released in connection with a charge of felony, or while awaiting sentence or pending appeal or certiorari after conviction of any offense, be fined not more than $5,000 or imprisoned not more than five years, or both . . . . .

2. Defendant also claims that the district court failed to inform him, pursuant to 18 U.S.C. § 3146(c), of the conditions of his release, and the penalties for violations of those conditions. Defendant's appearance bond, of which he was signatory, sets forth the conditions of his release. Defendant was well aware that he was required to appear when ordered, and that failure to do so would subject him to further sanc-

ed under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) for knowingly and intentionally distributing heroin. On May 3, 1973, the defendant was sentenced by the district court to eight years imprisonment with an additional special parole term of three years. A $5,000 surety appeal bond was set by the court. Harris' conviction was affirmed by this court in December 1973, *United States v. Harris*, 488 F.2d 867 (8th Cir. 1973), and the mandate of this court issued.

Pursuant to a standing order of the district court for the Southern District of Iowa,[3] the clerk directed Harris to surrender to the United States Marshal at Des Moines, Iowa, before noon on the 18th of January 1974. The defendant asserted at trial and on appeal that the court ordered him to appear before the United States Marshal, and that that official does not come within the purview of the definition of a "judicial officer" under the Bail Reform Act.[4] We agree that a "judicial officer," within the meaning of § 3150, means any federal judge or magistrate. However, for reasons stated below, we affirm the conviction.

■ We join the Fourth and Fifth Circuits in holding that failure to appear be-

fore a United States Marshal, "as required," constitutes a failure to appear before the court in violation of 18 U.S.C. § 3150. *United States v. Logan*, 505 F.2d 35 (5th Cir. 1974);[5] *United States v. West*, 477 F.2d 1056 (4th Cir. 1973). The Fourth Circuit, in *West*, stated:

> The essence of the crime of bail jumping is willful failure to appear before "any court or judicial officer as required." As a condition of defendant's bond, the court ordered him to report to the United States Marshal at a specific time to begin serving his sentence. An unnecessary waste of judicial time and energy would result if we were to require that each person in West's position appear before the court itself. No discretionary action at all is involved.

477 F.2d at 1058.

■ In adopting this reasoning we reject the contrary holding of the district court of the Western District of Missouri in *United States v. Wray*, 369 F.Supp. 118 (W.D.Mo.1973). It is, of course, a settled principle of statutory construction that criminal statutes are to be strictly construed and that ambiguity or doubt concerning the scope of the statutes is to be resolved in favor of the defendant. *Wray, supra*, 369 F.Supp. at 125. However, gener-

---

tions of the court. *See, e. g., United States v. DePugh*, 434 F.2d 548 (8th Cir. 1970), *cert. denied*, 401 U.S. 978, 91 S.Ct. 1208, 28 L.Ed.2d 328 (1971).

3. The standing order for the district court for the Southern District of Iowa expressly authorizes and orders the clerk of the court to issue an order requiring that the defendant surrender to the United States Marshal by noon of the 10th day following receipt of a mandate from the United States Court of Appeals for the Eighth Circuit, affirming a criminal conviction where a sentence of incarceration was imposed.

> *See also* 28 U.S.C. § 956 which reads in part: The clerk of each court . . . shall exercise the powers and perform the duties assigned to them by the court.

4. The Bail Reform Act of 1966 was repealed effective January 3, 1975. Under that Act, 18 U.S.C. § 3152(1) defined "judicial officer:"

> The term "judicial officer" means, unless otherwise indicated, any person or court autho-

rized pursuant to section 3041 of this title, or the Federal Rules of Criminal Procedure, to bail or otherwise release a person before trial or sentencing or pending appeal in a court of the United States or any judge of the District of Columbia Court of General Sessions.

5. The Fifth Circuit, in *United States v. Logan*, 505 F.2d 35, 38–9 (5th Cir. 1974), distinguishes its earlier opinion, *United States v. Clark*, 412 F.2d 885 (5th Cir. 1969), on several grounds. In *Clark* the government argued that, because a probation officer is appointed by the court, and must perform such duties as the court may direct, he is a "judicial officer" within the meaning of 18 U.S.C. § 3150. The court disagreed.

> In *Logan* the Fifth Circuit said that the question of the court's authority to designate an agent under limited circumstances under the Bail Reform Act was not before it in *Clark*, and went on to quote from *United States v. West*, 477 F.2d 1056, 1058 (4th Cir. 1973), that "[n]o discretionary action at all is involved."

al rules of construction cannot be used to ignore the statute's manifest purpose. The obvious intent of Congress under 18 U.S.C. § 3150 was to provide sanctions against "bail jumping." One released on bail under the Bail Reform Act is under the continuing jurisdiction of the district court. The court clearly has the power to designate the time and place for the defendant to report, and to designate the United States Marshal as the agent of the court for the limited purpose of taking the defendant into custody. Under 28 U.S.C. § 569(b), the United States Marshal is given authority to carry out all lawful orders issued to him by a United States court. The mere fact that the court directs the defendant to appear before its designated agent, the United States Marshal, rather than before the judicial officer making the order, does not obviate sanctions under the Act.

■ Harris willfully disobeyed the lawful order of the court. There was no mystery that he was required to report to the United States Marshal as the designated agent of the United States District Court. *Cf. Gant v. United States*, 506 F.2d 518 (8th Cir.), *cert. denied*, 420 U.S. 1005, 95 S.Ct. 1449, 43 L.Ed.2d 764 (1975); and *United States v. Wetzel*, 514 F.2d 175 (8th Cir.), *cert. denied*, 423 U.S. 844, 96 S.Ct. 80, 46 L.Ed.2d 65 (1975).

The judgment is affirmed.