UNITED STATES of America,
Plaintiff-Appellee,

v.

Davida BURLESON,
Defendant-Appellant.

No. 79–1906.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Dec. 16, 1980.

Decided Jan. 23, 1981.

---

Ira R. Kirkendoll, Asst. Federal Public Defender (Leonard D. Munker, Federal Public Defender, and David J. Phillips, Asst. Federal Public Defender, Kansas City, Kan., on brief), for defendant-appellant.

Vernon E. Lewis, Asst. U. S. Atty., Kansas City, Kan. (James P. Buchele, U. S. Atty., Kansas City, Kan., with him on the brief), for plaintiff-appellee.

Before HOLLOWAY, LOGAN and SEYMOUR, Circuit Judges.

SEYMOUR, Circuit Judge.

Davida Burleson appeals her conviction of willful failure to appear in violation of 18 U.S.C. § 3150, which provides in pertinent part:

> "Whoever, having been released pursuant to this chapter, willfully fails to appear before any court or judicial officer as required, shall, subject to the provisions of the Federal Rules of Criminal Procedure, incur a forfeiture of any security which was given or pledged for his release, and, in addition, shall, (1) if he was released in connection with a charge of felony, or while awaiting sentence or pending appeal or certiorari after conviction of any offense, be fined not more than $5,000 or imprisoned not more than five years, or both . . . ."

The case was submitted to the district court for determination on stipulated facts showing that Burleson's parole was revoked and that she was ordered by the district court to surrender herself to the United States Marshal's Office upon 24-hour notice. For two successive days she refused to report at the designated time after notice to do so. She was subsequently arrested.

On appeal Burleson claims that she did not violate section 3150 when she failed to surrender to the United States Marshal to begin service of her sentence. She bases this position upon her contentions that a United States Marshal is not a "judicial officer" within the meaning of section 3150 and that criminal statutes must be strictly construed. While we agree with both of these contentions, we nevertheless affirm the conviction.

Although the issue is one of first impression for this court, several other circuits have considered whether a sentenced defendant who disobeys a court order directing him or her to report to a United States Marshal violates section 3150. The decisions uniformly hold that such a failure to report violates the statute. *See United States v. Harris*, 544 F.2d 947, 949 (8th Cir. 1976); *United States v. Bright*, 541 F.2d 471, 475 (5th Cir. 1976); *United States v. West*, 477 F.2d 1056, 1058 (4th Cir. 1973). These cases hold that although the Marshal is not himself a "judicial officer" for purposes of a section 3150 violation, it is appropriate to view the Marshal as a designated agent of the court for the limited purpose of taking a defendant into custody. We agree. Here, Burleson had already been sentenced and no discretionary action by the Marshal was involved. Requiring a defendant to appear before the court solely to be turned over to the custody of the Marshal is an unnecessary waste of judicial time. *West*, 477 F.2d at 1058. *Accord, Bright*, 541 F.2d at 474; *United States v. Logan*, 505 F.2d 35, 37 (5th Cir. 1974).

Burleson argues that this reasoning is in conflict with the principle that criminal statutes must be strictly construed, citing *United States v. Wray*, 369 F.Supp. 118 (W.D.Mo.1973).[1]

> "However, general rules of construction cannot be used to ignore the statute's manifest purpose. The obvious intent of Congress under 18 U.S.C. § 3150 was to

---

1. We note that the reasoning in *Wray* has been expressly disapproved in *United States v. Har-* *ris*, 544 F.2d at 949–50, and implicitly rejected in *United States v. Bright*, 541 F.2d at 473–76.

provide sanctions against 'bail jumping.' One released on bail under the Bail Reform Act is under the continuing jurisdiction of the district court. The court clearly has the power to designate the time and place for the defendant to report, and to designate the United States Marshal as the agent of the court for the limited purpose of taking the defendant into custody. Under 28 U.S.C. § 569(b), the United States Marshal is given authority to carry out all lawful orders issued to him by a United States court. The mere fact that the court directs the defendant to appear before its designated agent, the United States Marshal, rather than before the judicial officer making the order, does not obviate sanctions under the Act."

*Harris,* 544 F.2d at 949–50.

AFFIRMED.