Gary FOSTER, Petitioner and Appellant,

v.

STATE of South Dakota, Respondent and Appellee.

No. 14813.

Supreme Court of South Dakota.

Considered on Briefs May 20, 1985.

Decided Aug. 6, 1985.

Michael B. Crew, Sioux Falls, for petitioner and appellant.

Frank Geaghan, Asst. Atty. Gen., Pierre, for respondent and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

FOSHEIM, Chief Justice.

Gary Foster (Foster) appeals from an Order dismissing his Writ of Habeas Corpus. We affirm.

The facts are undisputed. Foster pled guilty to a felony drug charge under SDCL § 22–42–2 and was sentenced to two years in the State Penitentiary. The sentence ordered him to present himself to the Yankton County Sheriff on December 27, 1981, to begin the sentence. Foster did not appear.

On May 19, 1982, Foster was arrested in North Dakota on charges pending in that state. On May 21, 1982, Judge Gordon Mydland of our Third Judicial Circuit signed a Certificate by Judge for Summons

of Witness from Out-of-state under SDCL § 23A–14–19. The purpose of the Certificate was to secure Foster as a witness in an unrelated criminal trial in Brookings County. Foster was brought to South Dakota by the Brookings County Sheriff after he signed a waiver of extradition. The charges in North Dakota were then dropped. A few days later Foster was transferred from Brookings County to Yankton County pursuant to a warrant for Failure to Appear under SDCL § 23A–43–31.

On June 15, 1982, Foster pled guilty to the failure to appear charge and was sentenced to five years in the state penitentiary. He did not appeal from that conviction.

On December 22, 1983, Foster applied for a Writ of Habeas Corpus. A hearing was held on February 10, 1984. After hearing testimony and reviewing the record from Foster's failure to appear conviction of June, 1982, findings of fact and conclusions of law were entered. Based on that decision, the Writ was dismissed on March 9, 1984. Judge Riley W. Connelly issued a Certificate of Probable Cause on November 12, 1984.

■ Foster raises two issues on appeal. He first argues that his failure to present himself to the sheriff to begin his sentence did not constitute a violation of SDCL § 23A–43–31 because the sheriff is not a court or judicial officer as specified in the statute. We disagree. The genesis of SDCL chapter 23A–43 is the federal Bail Reform Act. Section 3146 (former § 3150) of the federal act is the counterpart to our SDCL § 23A–43–31. Federal courts have consistently held that a failure to appear as ordered before a United States Marshall to commence serving a sentence violates § 3150. *See United States v. Burleson*, 638 F.2d 237 (10th Cir.1981); *United States v. Harris*, 544 F.2d 947 (8th Cir.1976); *United States v. Logan*, 505 F.2d 35 (5th Cir.1974); and *United States v. West*, 477 F.2d 1056 (4th Cir.1973). *See also United States v. George*, 625 F.2d 1081 (3rd Cir. 1980). "The mere fact that the court directs the defendant to appear before its designated agent, the United States Marshall, rather than before the judicial officer making the order, does not obviate sanctions under the Act." *Harris*, 544 F.2d at 950. Likewise, the sheriff of Yankton County was the court's designated agent. Consequently, Foster's failure to surrender himself to the sheriff was a failure to appear before a court or judicial officer in violation of SDCL § 23A–43–31.[1]

■ Foster's argument that he must have first been released from custody on bail in order to violate SDCL chapter 23A–43 is also without merit. The essence of the crime set forth at SDCL § 23A–43–31, as with 18 U.S.C.A. § 3146, is the failure to appear before a court or judicial officer as required. *West*, 477 F.2d at 1058. To strip the statute of its plain meaning would circumvent the obvious legislative intent and allow Foster's willful disobedience of a lawful court order go unpunished. *See State v. Vogel*, 315 N.W.2d 324 (S.D.1982). We follow the above cited federal court's interpretation of 18 U.S.C.A. § 3146: A failure to appear [2] before a law enforcement officer as required by a lawful court order constitutes a violation of SDCL § 23A–43–31.

---

1. SDCL § 23A–43–31 provides:
   Any person who, having been released pursuant to this chapter, fails to appear before any court or judicial officer as required shall, subject to the provisions of this title, forfeit any security which was given or pledged for his release and, in addition, shall:
   (1) If he was released in connection with a charge of a felony, or while awaiting sentence or pending appeal or certiorari after conviction of any offense, be guilty of a Class 5 felony;
   (2) If he was released in connection with a charge of a misdemeanor, be guilty of a Class 1 misdemeanor; or
   (3) If he was released for appearance as a material witness, be guilty of a Class 1 misdemeanor.

2. Failure to appear under SDCL § 23A–43–31 is a strict liability crime. *See State v. Vogel*, 315 N.W.2d 324 (S.D.1982).

The second issue raised by Foster is that the State lacked personal jurisdiction at the time of his arrest in Brookings. He argues that he was transported into South Dakota to serve as a witness and was therefore shielded from arrest by the Uniform Act to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings, adopted with changes in both Dakotas. *See* NDCC § 31–03–26 and SDCL §§ 23A–14–14 to 23A–14–24.

 Foster executed a waiver of extradition prior to his return to South Dakota. It is clear that the State neither intended, nor in fact relied upon, the Uniform Act to Secure Witnesses to bring Foster into South Dakota to face the Yankton County charges. Foster identified no irregularities which would invalidate his waiver. Furthermore, irregularities in the extradition proceedings would not deprive our courts of jurisdiction. *Quiver v. State*, 339 N.W.2d 303 (S.D.1983). His want of jurisdiction argument consequently fails.

Judgment affirmed.

All the Justices concur.

WUEST, Circuit Judge, Acting as a Supreme Court Justice, participating.