STATE of Iowa, Appellee,

v.

Cathy Ann JACKSON, Appellant.

No. 91–147.

Supreme Court of Iowa.

July 22, 1992.

As Corrected Aug. 5, 1992.

John P. Messina, Des Moines, for appellant.

Bonnie J. Campbell, Atty. Gen., Bruce L. Kempkes, Asst. Atty. Gen., Thomas J. Ferguson, County Atty., and Peter Newell, Asst. County Atty., for appellee.

LARSON, Justice.

Cathy Ann Jackson, who failed to report to the sheriff to begin service of a prison sentence as ordered by the court, was convicted of failure to appear in violation of Iowa Code section 811.2(8) (1989). We affirm but remand for resentencing.

In February 1990, Jackson was found guilty of pandering and of being a habitual offender. She was sentenced to an indeterminate fifteen-year term of incarceration.

At her request, and over the State's resistance, Jackson was released from custody in order to "arrang[e] her affairs." She was released following sentencing on Friday, February 9 on $500 bond. She was ordered to report to the Black Hawk County Jail by the following Monday, February 12, at 4:00 p.m. The court delayed issuance of the mittimus until she reported.

Jackson did not report as ordered, and a warrant was issued for her arrest. She was eventually located in Minnesota, extradited to Iowa, and prosecuted for her failure to appear. At the time she fled, she had not filed a notice of appeal, although her lawyer had stated at the sentencing that she intended to do so. A formal notice of appeal from the pandering conviction was filed approximately a week after the sentencing.

Iowa Code section 811.2(8) provides:

Any person who, having been released pursuant to this section, willfully fails to appear before any court or magistrate as required shall, in addition to the forfeiture of any security given or pledged for the person's release, if the person was released in connection with a charge which constitutes a felony, or while awaiting sentence or pending appeal after conviction of any public offense, be guilty of a class "D" felony.

Jackson contends that her case does not fit under section 811.2(8) because that section only applies to persons "released pursuant to this section," and she did not fit within that category. Also, she failed to report to the sheriff, not to a "court or magistrate."

## I. *Application of Chapter 811.*

Iowa Code section 811.2(1) provides for bail for defendants "pending judgment or entry of deferred judgment" and section 811.5 provides for bail "[a]fter conviction, upon appeal to the appellate court." Jackson's first argument is quite unusual for a defendant. She contends that, although she asked to be released, and the court granted her request, she was not entitled to be released under bail because her case was neither "pending judgment" nor on appeal. While the district court might have had inherent authority to release her on bail, she argues, it did not have authority to do so under chapter 811. Therefore, she could not be convicted of bail jumping under section 811.2(8) because this section applies only to persons "released pursuant to this section."

The first issue may be simply stated: for bail purposes, was Jackson's case either "pending judgment" or "after conviction [and] upon appeal"? Resolution of the issue turns largely on whether the bail provisions of chapter 811 should be read broadly, as the State argues, or narrowly, as Jackson argues.

A narrow interpretation of our bail statutes, as urged by Jackson, has implications in a variety of circumstances. Other Iowa cases have involved a delay in the execution of the mittimus, as in this case, for various reasons. *See, e.g., State v. Everhart*, 243 N.W.2d 574 (Iowa 1976) (mittimus delayed for two weeks); *State v. Hutchison*, 243 N.W.2d 560 (Iowa 1976) (delay in mittimus until after Christmas holidays "demonstrated an attempt to minimize the impact of the sentence on defendant's family"). Under Jackson's view, all of these defendants would no longer be bailable. In addition, persons who had been sentenced but had not yet filed their notice of appeal would have to be incarcerated until their lawyer filed the notice, even though, as here, the defendant had expressed a desire to appeal.

Criminal defendants who have filed motions for new trial after sentencing, but who have not filed their notice of appeal (which would deprive the court of jurisdiction to rule on the new-trial motion), would have to be incarcerated pending disposition of the new-trial motion. *See State v. Anderson*, 308 N.W.2d 42 (Iowa 1981). A defendant in that position

face[s] a dilemma. If he file[s] a notice of appeal ..., he would protect his right to appeal. However, the filing of a notice of appeal would extinguish the trial court's jurisdiction to rule on his postjudgment motion for a new trial. On the other hand, if he filed his new trial mo-

tion, the sixty days for appealing the ... judgment might run before the court ruled on the motion.

*Id.* at 45 (citations omitted). In the present case, under Jackson's view, such a defendant would also face the dilemma of being denied bail because technically the case had reached the judgment stage, but no notice of appeal had been filed.

■ The modern view is that bail is the rule and denial is the exception.

Like most states Iowa has limited the judicial discretion of the common law by guaranteeing through constitutional and statutory provisions that all defendants shall be bailable by sufficient sureties except in certain cases.

*Emery v. Fenton,* 266 N.W.2d 6, 7 (Iowa 1978).

Generally, the allowance of bail is favored, and pretrial detainees are entitled to a reasonable opportunity to raise bond. The right to pretrial bail is based on the presumption of innocence enjoyed by accused, and thus its denial to inflict punishment on accused would not only hamper preparation of his case but would render meaningless the presumption of innocence. Bail is to be denied, therefore, only under the most compelling circumstances, as where it is clear from substantial evidence, that the right to bail may be abused, or the community may be threatened by accused's release.

8 C.J.S. *Bail* § 14, at 28 (1988).

The wording of section 811.1 reaffirms this view. It provides that "[a]ll defendants are bailable both before and after conviction" except for several narrowly defined crimes, including class "A" felonies. Pandering, the crime for which Jackson was sentenced, is not included in this class of nonbailable offenses.

■ This case does not fall neatly with those cases that involve bail "before judgment" or "after appeal." In fact, however, Jackson's case has some of the attributes of both. For example, mittimus is considered to be the last act in the execution of the sentence, and it requires a court order. In this case, the court had not yet entered the order, and in view of the provi-

sions of Iowa Code section 901.7, it appears that the sentence was incomplete. That section provides:

In imposing a sentence of confinement for more than one year, the court shall commit the defendant to the custody of the director of the Iowa department of corrections. Upon entry of judgment and sentence, the clerk of the district court immediately shall notify the director of the commitment. The court shall make an order as appropriate for the temporary custody of the defendant pending the defendant's transfer to the custody of the director.

The "commitment" that is a required part of the sentencing is, of course, a mittimus. *See State v. Robinson,* 262 N.W.2d 270, 271 (Iowa 1978); *State v. Houston,* 209 N.W.2d 42, 47 (Iowa 1973).

The sentencing provisions of the Code prescribe these steps: Under section 901.-5(4), the court may impose a fine or sentence the defendant to confinement, or both. Under section 901.6, if judgment is not deferred, judgment shall be pronounced and entered. If the judgment is to include confinement, the district court "shall commit the defendant to the custody of the director of the Iowa department of corrections." In a criminal case, the final judgment means the sentence. *State v. Klinger,* 259 Iowa 381, 383, 144 N.W.2d 150, 151 (1966). The judgment is final for the purpose of appeal when it terminates the litigation between the parties on the merits and leaves nothing to be done but to enforce by execution what has been determined. *Id.*

Here, the court had not completed its sentence when Jackson left the state because it had not ordered her commitment to the Department of Corrections. That action was deferred until Jackson appeared at the jail.

■ Although not urged here, a valid argument could be made that Jackson was also bailable under section 811.5, which provides for bail on appeal. Even though she had not yet filed her notice of appeal, her lawyer expressed to the court at the

time of sentencing that Jackson would be filing a notice of appeal. Under our rules of criminal procedure, an oral notification to the court of an intent to appeal is sufficient to trigger the appointment of counsel, and the furnishing of a transcript, even without the filing of a formal notice of appeal. That rule provides:

> *Exercise of right to appeal.* After notifying the defendant of his or her statutory right to appeal, the trial court may ask the defendant if he or she desires to appeal. If after appropriate consultation with counsel the defendant responds affirmatively, the court shall direct defense counsel to file notice of appeal forthwith and, if the defendant is indigent, shall at once order the transcript and appoint appellate counsel without awaiting application therefor under sections 814.9 and 814.11.

Iowa R.Crim.P. 22(3)(f).

We believe that, when an intent is expressed at the time of sentencing to appeal a case, the defendant is entitled to bail if the case does not fall within one of the prohibited categories under section 811.1.

We conclude that in this case Jackson was admitted to bail under chapter 811, and she was therefore covered by the bail jumping provisions of Iowa Code section 811.2(8).

## II. *The Order to Report to Jail.*

■ Jackson also contends that she is not subject to the provisions of section 811.2(8) because she did not fail to appear before a "court or magistrate." Failure to report to the Black Hawk County Jail cannot be construed to be failure to appear before the court or magistrate. This is especially so, she argues, in view of the general rule that criminal statutes must be narrowly construed.

The federal bail jumping statute now deals specifically with this problem. It provides that a person commits an offense if the person fails to appear before a court or "knowingly fails to surrender for service of sentence pursuant to a court order." 18 U.S.C. § 3146. Prior to the time the provision was added regarding failure to surren-

der for service of sentence, however, the federal statute was very similar to Iowa's. It provided:

> Whoever, having been released pursuant to this chapter, willfully fails to appear before any court or judicial officer as required, shall, ... incur a forfeiture of any security which was given or pledged for his release, and [shall be deemed guilty of a criminal offense].

18 U.S.C. § 3150.

Despite the limited language of § 3150, the federal circuits have uniformly held that failure to appear for commencement of sentence, usually by failing to appear before the United States Marshal, constituted a violation of § 3150. In *United States v. Burleson*, 638 F.2d 237, 238–39 (10th Cir.1980), the defendant failed to surrender to the United States Marshal to begin service of her sentence. She argued that a marshal is not a "judicial officer" within the meaning of § 3150 and that criminal statutes must be strictly construed. The court of appeals agreed with both these contentions, but nevertheless affirmed her conviction of a violation of § 3150. The court noted that, while it was an issue of first impression in the tenth circuit, other circuits had considered whether a sentenced defendant who disobeys a court order directing him or her to report to a United States marshal violates § 3150:

> These cases hold that although the Marshal is not himself a "judicial officer" for purposes of a section 3150 violation, it is appropriate to view the Marshal as a designated agent of the court for the limited purpose of taking a defendant into custody. We agree. Here, Burleson had already been sentenced and no discretionary action by the Marshal was involved. *Requiring a defendant to appear before the courts solely to be turned over to the custody of the Marshal is an unnecessary waste of judicial time.*

*Burleson,* 638 F.2d at 238 (emphasis added).

Burleson also argued that the court's reasoning was in conflict with the principle

that criminal statutes must be strictly construed. The court responded that

> general rules of construction cannot be used to ignore the statute's manifest purpose. The obvious intent of Congress under 18 U.S.C. § 3150 was to provide sanctions against "bail jumping." One released on bail under the Bail Reform Act is under the continuing jurisdiction of the district court. The court clearly has the power to designate the time and place for the defendant to report, and to designate the United States Marshal as the agent of the court for the limited purpose of taking the defendant into custody.... The mere fact that the court directs the defendant to appear before its designated agent, the United States Marshal, rather than before the judicial officer making the order, does not obviate sanctions under the Act.

*Id.* at 238–39 (quoting *United States v. Harris*, 544 F.2d 947, 949–50 (8th Cir. 1976)). Similar holdings are found in *United States v. Wells*, 766 F.2d 12, 20 (1st Cir.1985); *United States v. Black*, 543 F.2d 35, 37 n. 3 (7th Cir.1976); *United States v. Bright*, 541 F.2d 471, 475 (5th Cir.1976); *United States v. Logan*, 505 F.2d 35, 37–39 (5th Cir.1974); *United States v. West*, 477 F.2d 1056, 1058 (4th Cir.1973); and *United States v. Cardillo*, 473 F.2d 325, 327–28 (4th Cir.1973).

In a South Dakota case, *Foster v. State*, 372 N.W.2d 468 (S.D.1985), a statute virtually identical to Iowa's section 811.2(8) was involved. In that case, the defendant was ordered to report to the sheriff to begin service of his sentence, but the defendant failed to appear. The court rejected the argument that the sheriff was not a "court or judicial officer" within the meaning of South Dakota's equivalent to section 811.-2(8). The court relied on federal cases, noting that the bail statute in South Dakota, as in Iowa, is very similar to the federal Bail Reform Act. *Foster*, 372 N.W.2d at 469. The court cited several federal circuit cases, which held that failure to appear before a magistrate constituted a violation of the Bail Reform Act.

Based on the reasoning of the federal cases and the similarity of the federal statute involved, we conclude that the Black Hawk County Jail, or the sheriff, are the proper designees of the district court and the failure to appear at the jail violated the court's order and subjected Jackson to criminal liability under section 811.2(8). It would make little sense to require her to appear in the courtroom personally before the judge simply to be transported to the jail.

### III. *Sentencing.*

█ The State concedes that the court failed to state its reasons for imposition of the sentence as required by Iowa Rule of Criminal Procedure 22(3)(d). We therefore vacate the sentence and remand for resentencing. *See State v. Luedtke*, 279 N.W.2d 7, 8 (Iowa 1979). In all other respects, the conviction is affirmed. Costs are taxed two-thirds to the appellant, one-third to the State.

JUDGMENT VACATED; REMANDED FOR RESENTENCING.

All Justices concur except NEUMAN, J., McGIVERIN, C.J., and LAVORATO and SNELL, JJ., who dissent.

NEUMAN, Justice (dissenting).

No one could quarrel with the righteousness of punishing Cathy Jackson for her contemptuous conduct. But she has now been convicted of a crime whose elements the State would be unable to prove but for substantial rewriting of the law. I therefore respectfully dissent.

By motion for judgment of acquittal, Jackson challenged the sufficiency of the State's proof on two essential elements of the crime: release "pursuant to this section" and required appearance before "any court or magistrate." The district court denied her motion, apparently persuaded by the State's dual response that: (1) by posting bond, Jackson brought herself within the ambit of chapter 811, and (2) the phrase "any court or magistrate" includes any other person or place designated by the court. For the reasons that follow, I am convinced that the district court's rul-

ing—and the majority's affirmance of it—is not supported by the law or the facts.

Neither Jackson's plea for delayed mittimus, nor the court's order for her release, invoked the authority of chapter 811. Indeed, the statute's terms make no provision for it. Although section 811.1 states that defendants are "bailable both before and after conviction," section 811.2(1) plainly narrows the field of qualified applicants to those released "*pending* judgment or entry of deferred judgment." (Emphasis added.) Another section authorizes bail "[a]fter conviction, upon appeal to the appellate court." Iowa Code § 811.5. But nowhere in section 811.2 is there language authorizing release on bail following entry of judgment before notice of appeal is given.

The majority can only get around this gap in the statute by disregarding customary rules of statutory construction and rewriting the substantive law with which this absconding defendant was charged.

First the majority reasons that bail statutes should be read broadly, consistent with the "modern" view that bail is the rule, not the exception. That may be true when faced with the decision to grant or deny bail. The maxim does not apply when the State is prosecuting a defendant for the crime of failure to appear. We are obliged to construe penal statutes strictly, not broadly. *State v. Davis*, 271 N.W.2d 693, 695 (Iowa 1978). Doubts about a statute's meaning or purpose are supposed to be resolved in favor of the defendant. *Id.*

Second, the majority buys the State's argument that delay of the mittimus somehow extends the judgment, thus retaining Jackson within the scope of section 811.2. Reasoning that the sentence is incomplete without the commitment, and the sentence is the same as the judgment, the majority concludes that the judgment is incomplete—and hence "pending"—without the mittimus. This is contrary to the very authority the majority cites for this proposition. *See State v. Klinger*, 259 Iowa 381, 383, 144 N.W.2d 150, 151 (1966) (In criminal cases the judgment is final when it terminates the litigation on the merits and leaves nothing to be done "but to enforce

by execution what has been determined." (Citations omitted.)).

The majority then confuses the finality issue further by suggesting that Jackson also qualified for bail based on her expression of an intent to appeal. I find this difficult to reconcile given the majority's first premise that judgment was not yet final. What judgment was she appealing?

Finally, the majority has ratified the district court's wholesale revision of the statute. The district court instructed the jury that Jackson could be convicted if she failed to appear before the court *or return to custody as required.* This plain rewriting of the statute to fit the circumstances should have been rejected. A court may not, under the guise of construction, extend or enlarge statutory terms. *State v. Pilcher*, 242 N.W.2d 348, 360 (Iowa 1976).

Instead of going to such great lengths to achieve a desired result, I would simply reverse defendant's conviction and send her back to face the consequences for her ungrateful response to the court's generosity: a finding of contempt and suitable punishment therefor.