# IN THE COURT OF APPEALS OF IOWA

No. 20-0246
Filed October 6, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TERRENCE MARTEZ GORDON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, Linda M.
Fangman, Judge.

        Terrence Gordon appeals his conviction for failure to appear.  **AFFIRMED.**

        Susan R. Stockdale, West Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Katie Krickbaum (until withdrawal)
and Kevin Cmelik, Assistant Attorneys General, for appellee.

        Considered by Mullins, P.J., and May and Ahlers, JJ.

**MAY, Judge.**

Terrence Gordon appeals his conviction for failure to appear. We affirm.

**I. Background**

On June 5, 2018, Gordon pled guilty to five offenses. The same day, the district court sentenced Gordon to prison. Consistent with the parties' plea agreement, though, the court granted Gordon a "furlough" from custody and ordered him to report to jail on June 7, 2018, at 4:00 p.m. But Gordon did not report to jail on June 7 at 4:00 p.m. So the court issued a warrant. Over a year later, in September 2019, Gordon was finally arrested. The State charged Gordon with failure to appear. The matter proceeded to a jury trial, and Gordon was convicted as charged. On appeal, Gordon challenges the jury instructions and the sufficiency of the evidence.[1]

**II. Standard of Review**

"We review challenges to the sufficiency of the evidence for correction of errors at law." *State v. Huser*, 894 N.W.2d 472, 490 (Iowa 2017). "Our standard of review for rulings on questions of statutory interpretation is also for correction of errors at law." *State v. Coleman*, 907 N.W.2d 124, 134 (Iowa 2018). "We likewise review challenges to jury instructions for correction of errors at law." *Id.*

**III. Discussion**

First, we address Gordon's challenge to the jury instructions. Gordon takes issue with the marshalling instruction, which provided:

> 1. On June 5, 2018, the [d]efendant was released in connection with a charge which constitutes a felony.

---

[1] Gordon also raises claims of ineffective assistance of counsel. But we may not address those claims on direct appeal. *See* Iowa Code § 814.7 (2019).

> 2. On June 7, 2018, [t]he [d]efendant willfully failed to appear before the [c]ourt or its designee, the Black Hawk County Sheriff.
> If the State has proven all of the above elements, the defendant is guilty of [f]ailure to [a]ppear. If the State has failed to prove any of the above elements, the defendant is not guilty.

Gordon claims this instruction was inconsistent with the failure-to-appear statute, Iowa Code section 811.2(8). It provides in relevant part:

> Any person who, having been released pursuant to this section, willfully fails to appear before any court or magistrate as required shall, in addition to the forfeiture of any security given or pledged for the person's release, if the person was released in connection with a charge which constitutes a felony, or while awaiting sentence or pending appeal after conviction of any public offense, be guilty of a class "D" felony.

Iowa Code § 811.2(8). Gordon notes that—although the marshalling instruction permitted the jury to convict Gordon if he failed to appear before "the [c]ourt *or its designee*, the Black Hawk County Sheriff"—the statute makes no mention of a court's "designee." Rather, by its plain terms, the statute only prohibits "fail[ure] to appear before any court or magistrate." So, Gordon argues, the instruction misstated the law.

But our supreme court has addressed this very issue in *State v. Jackson*, 488 N.W.2d 701, 704–05 (Iowa 1992) (en banc). There, a majority of the en banc court concluded "the Black Hawk County Jail, or the sheriff are the proper designees of the district court and the failure to appear at the jail violate[s] the court's order and subject[s] [a defendant] to criminal liability under section 811.2(8)." *Jackson*, 488 N.W.2d at 705. Given this controlling precedent, we must conclude the instruction accurately stated the law. So the district court did not err in instructing the jury.

Next, we address Gordon's sufficiency-of-the-evidence claim. He argues there is insufficient evidence to support his conviction because he never "willfully fail[ed] to appear before any court or magistrate as required." *See* Iowa Code § 811.2(8). As discussed, though, *Jackson* interpreted section 811.2(8) to also criminalize failure to appear to a sheriff or jail as the court or magistrate's designee (as Gordon failed to do). Recognizing this, Gordon asks us to overturn *Jackson*. But "[w]e are not at liberty to overturn Iowa Supreme Court precedent."[2] *State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990). Rather, in all cases, "we must follow the precedents of our supreme court." *NCJC, Inc. v. WMG, L.C.*, No. 19-0241, 2020 WL 2478670, at *2 (Iowa Ct. App. May 13, 2020), *aff'd on further review*, 960 N.W.2d 58 (Iowa 2021). Applying *Jackson* here, we conclude there was sufficient evidence to support Gordon's conviction because he failed to appear before the court's designee. So we affirm.

**AFFIRMED.**

---

[2] Gordon asked the supreme court to retain this case to determine if *Jackson* should be overruled. But the supreme court declined to retain the case and transferred it to this court.