**UNITED STATES of America, Plaintiff,**

v.

**Lloyd Cecil QUILLEN, Defendant.**

**No. CR–2–78–5.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

March 10, 1978.

John H. Cary, U. S. Atty. and W. Thomas Dillard, Asst. U. S. Atty., Knoxville, Tenn., for plaintiff.

Edward H. Moody, Morristown, Tenn., for defendant.

**MEMORANDUM OPINION AND ORDER**

NEESE, District Judge.

The defendant Mr. Lloyd Cecil Quillen moved the Court to dismiss the indictment returned against him herein on the grounds that there was an unnecessary delay in the presentation of the charge to a grand jury, Rule 48(b), Federal Rules of Criminal Procedure, and that the attorney for the government violated the pertinent provisions of the Speedy Trial Act, 18 U.S.C. §§ 3161, et seq. The facts necessary to a decision on the motion were stipulated, and certain exhibits were appended to such written stipulations.

Therefrom and from the entire record, the Court finds that Mr. Quillen is charged herein with having escaped the custody of the United States marshal of this district on October 19, 1976 while he was being detained on a charge of having violated the provisions of his federal parole, 18 U.S.C.

§ 751(a); that *he was taken in arrest on November 4, 1976* in another jurisdiction by agents of the Federal Bureau of Investigation *on the charges that he had escaped federal custody* [1] and that he had violated the provisions of his federal parole; that, in the same month, the (former) United States attorney of this district gained knowledge that Mr. Quillen had been returned to federal custody, and government agents requested authority to prosecute him further on the charge in the indictment herein; that such attorney for the government took no action whatever upon that request until November, 1977; that Mr. Quillen was about to be released on parole again in April, 1978; that the attorney for the government caused a warrant to be issued on December 8, 1977 against Mr. Quillen for the charge in the indictment herein; that such warrant was placed as a detainer against him with his federal custodian; that, from December 17, 1977, after being advised of the placing of such detainer, until February 3, 1978, Mr. Quillen undertook to obtain relief from such detainer; and that the indictment against him herein was returned on February 23, 1978.

Rule 48(b), *supra,* permits no prosecutorial delay which is " * * * purposeful. * * *" *Pollard v. United States* (1957), 352 U.S. 354, 361, 77 S.Ct. 481, 1 L.Ed.2d 393, 399 (headnote 13) (relating to delay in completing a prosecution by sentencing, in which four Justices appeared in dissent to conclude that a prosecutorial delay was "purposeful"). It can hardly be concluded that the prosecutorial delay herein was "accidental"; so, for the purposes of this action, it is deemed to have been "purposeful". In any event, not being accidental, such delay resulted from the deliberate choice of the prosecuting attorney, which requires a dismissal of this action, *Petition of Provoo,* D.C.Md. (1955), 17 F.R.D. 183, 202-203[7], affirmed (1955), 350 U.S. 857, 76 S.Ct. 101, 100 L.Ed. 761.

The prosecuting attorney offered no explanation whatever of the delay of one year in prosecuting Mr. Quillen herein. *Cf. United States v. Richardson,* D.C.N.Y. (1968), 291 F.Supp. 441, 444–445[10]. It could not have been justified by the mere fact that Mr. Quillen was imprisoned already by the same sovereign now charging him with another offense. *Frankel v. Woodrough,* C.C.A. 8th (1925), 7 F.2d 796, 798–799[10], cited in *Bistram v. People of State of Minnesota,* C.A. 8th (1964), 330 F.2d 450, 452. " * * * If there is unnecessary delay in presenting the charge to a grand jury * * * against a defendant who has been held to answer to the district court * * *, the court may dismiss the indictment. * * *" Rule 48(b), *supra.*

Furthermore, the prosecuting attorney neglected to undertake promptly to obtain Mr. Quillen's presence within this district for trial herein or to cause promptly a detainer to be filed with his custodian. 18 U.S.C. § 3161(j)(1)(A), (B).[2] An interval of 12 months is hardly acting " * * * promptly. * * *" To do something "promptly" means to do it without delay and with reasonable speed, *Application of Beattie* (1962), 4 Storey 506, 180 A.2d 741, 744, as the occasion demands, *Missouri K. & T. Ry. Co. v. Missouri Pac. Ry. Co.* (1918), 103 Kan. 1, 175 P. 97, 103.

Although it must result in the release of a person who has violated the terms and conditions of his release on parole and escaped official federal custody, this Court hereby FINDS there was an unnecessary delay in indicting Mr. Quillen; further pros-

---

1. It should be noted that Rule 48(b), *supra,* is limited clearly to post-arrest situations. *United States v. Marion* (1971), 404 U.S. 307, 319, 92 S.Ct. 455, 30 L.Ed.2d 468, 478[6]; *accord: United States v. Lovasco* (1977), 431 U.S. 783, 789 n.8, 97 S.Ct. 2044, 2048 n.8, 52 L.Ed.2d 752, 758 n.8, [4b].

2. " * * * If the attorney for the Government knows that a person charged with an offense is serving a term of imprisonment in any penal institution, he shall promptly—

"* * * undertake to obtain the presence of the prisoner for trial;

"or

"* * * cause a detainer to be filed with the person having custody of the prisoner and request him to so advise the prisoner and to advise the prisoner of his right to demand trial. * * *" 18 U.S.C. § 3161(j)(1), (A), (B).

ecution of the indictment herein would violate the fundamental principles of justice and fair play which are to be observed by courts and government attorneys alike. The motion of the defendant for a dismissal of the indictment herein hereby is GRANTED; the indictment herein is DISMISSED, Rule 48(b), *supra*; and the defendant Mr. Lloyd Cecil Quillen hereby is RELEASED from custody as to such indictment.

This disposition renders MOOT the other outstanding motions herein. Mr. Quillen will be returned to the United States penitentiary, Terre Haute, Indiana, by the United States marshal of this district[3] in accordance with the order herein of February 24, 1978.

---

3. If it remains the purpose of federal parole authorities to recommit Mr. Quillen to the Community Treatment Center near Dallas, Texas, his attorney may apply to the Court for a variance in such order (with appropriate documentation).