UNITED STATES of America, Plaintiff,

v.

German Fidel CUETO, Defendant.

Crim. No. 78–00194–D.

United States District Court,
W. D. Oklahoma.

Feb. 12, 1979.

**10**

Larry D. Patton, U. S. Atty. by John E. Green, First Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff.

Christopher H. Cox, Oklahoma City, Okl., Earl E. Boyd, Los Angeles, Cal., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

On November 1, 1978 the Grand Jury returned an Indictment charging Defendant German Fidel Cueto with robbing the Northwest Bank, Oklahoma City, on January 16, 1978, in violation of 18 U.S.C. § 2113(a) and (d). Now before the Court are Defendant's Motion to Dismiss the Indictment herein for alleged violations of the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161–3174, and Motion to Suppress. The Court has held an evidentiary hearing on these motions and rules on the same as follows:

## MOTION TO DISMISS

In his written motion, Defendant moves to dismiss the Indictment against him on the basis that the Speedy Trial Act has been violated by the unnecessary delay (1) between the date the Government secured custody of him and the date the charge against him was presented to the Grand Jury, and (2) between the filing of the Indictment and his arraignment thereon. At the evidentiary hearing Defendant additionally asserted that the Indictment should be dismissed due to the delay from the date of the alleged offense to the filing of the Indictment.

At the hearing Defendant testified that in May, 1978 he was arrested by federal authorities in connection with the attempted robbery of a bank in Florida. An indictment was returned against the Defendant on this charge and he was arraigned before a magistrate. The federal authorities subsequently turned him over to the Florida state authorities to be tried on a state charge in the Florida state court and dismissed the federal indictment. Following the disposition of the state charge by Defendant's guilty plea and Defendant's sentencing thereon, the federal authorities refiled the federal indictment against the Defendant on the aforementioned attempted robbery of the bank in Florida. He was tried on that charge, found guilty and subsequently sentenced to a term of imprisonment, with the imprisonment on the federal charge to run consecutive with his sentence on the Florida state charges.

At the time the Indictment in this case was filed on November 1, 1978 Defendant was in state custody in Florida in connection with the Florida state charge and his conviction thereof. On January 8, 1979 a writ of habeas corpus ad prosequendum was issued directing the appearance of Defendant before this Court on January 19, 1979 regarding this case. At that time the Defendant was an inmate at the Florida State Penitentiary Reception Center at Lake Butler, Florida. Pursuant to the writ he was brought from Florida and appeared before this Court on January 19, 1979, at which

time he was arraigned on the charge in this case. Defendant testified at the evidentiary hearing that he first became aware of the instant charge against him while he was en route to Oklahoma on January 18 or 19, 1979. He stated that he had never been arrested or contacted by federal authorities in connection with this charge prior to either January 18 or 19, 1979.

In his Motion to Dismiss Defendant first complains about the delay between his being taken into custody on May 18, 1978 and the presentment of the charge in this case to the Grand Jury on November 1, 1978. 18 U.S.C. § 3161(b) provides that "[a]ny ... indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons *in connection with such charges.*" (Emphasis added.) Under the interim Plan for Prompt Disposition of Criminal Cases in the United States District Court for the Western District of Oklahoma, "[i]f a person has not been arrested or served with a summons on a Federal charge, an arrest will be deemed to have been made at such time as the person (i) is held in custody solely for the purpose of responding to a Federal charge; (ii) is delivered to the custody of a Federal official in connection with a Federal charge; or (iii) appears before a judicial officer in connection with a Federal charge." Under the foregoing law and the facts of this case as testified to by Defendant at the evidentiary hearing and as stated above, the arrest of Defendant with regard to the charge in this case did not occur on May 18, 1978 or in fact at any time thereafter until he was taken into federal custody on the aforementioned writ and brought before this Court on January 19, 1979. Accordingly, there was no violation of the time requirements set forth in 18 U.S.C. § 3161(b) of the Speedy Trial Act.

Defendant next asserts that the Speedy Trial Act was violated by the delay between the filing of the Indictment in this case on November 1, 1978 and his arraignment herein on January 19, 1979. 18 U.S.C. § 3161(c) provides in part:

(c) The arraignment of a defendant charged in an ... indictment with the commission of an offense shall be held within ten days from the filing date (and making public) of the ... indictment, or *from the date a defendant has been ordered held to answer and has appeared before a judicial officer of the court in which such charge is pending whichever date last occurs.* (Emphasis added.)

18 U.S.C. § 3161(j)(1) provides as follows:

(j)(1) If the attorney for the Government knows that a person charged with an offense is serving a term of imprisonment in any penal institution, he shall promptly—

(A) undertake to obtain the presence of the prisoner for trial; or

(B) cause a detainer to be filed with the person having custody of the prisoner and request him to so advise the prisoner and to advise the prisoner of his right to demand trial.

The aforementioned interim plan for this judicial district provides that a defendant "shall be arraigned within 10 days of the date on which an indictment is filed or unsealed, or an information is filed, or the defendant first appears before a judicial officer of this district, which event last occurs." At the evidentiary hearing Defendant testified that he first appeared before a judicial officer of this Court in connection with this case on January 19, 1979. As Defendant was arraigned on that same date, there was no violation of 18 U.S.C. § 3161(c) of the Speedy Trial Act. Under the circumstances of this case, the Court further concludes that the delay between the filing of the Indictment herein on November 1, 1978 and the Government's obtaining Defendant's presence in this court on January 19, 1979 was reasonable and does not prejudice the Defendant's rights in this matter.

The Court does not find that the preindictment delay involved in this case warrants that the Indictment against the Defendant be dismissed. The Tenth Circuit Court of Appeals has recently considered

the matter of preindictment delay in the aftermath of *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971) and *United States v. Lovasco*, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977) and has expressed the view that those cases do not permit the courts to second-guess the timing of the Government's indictment in the absence of proof by an accused of both actual prejudice to his case and an ulterior motive by the prosecution for such delay. *See United States v. Francisco*, 575 F.2d 815, 817–18 (Tenth Cir. 1978); *United States v. Revada*, 574 F.2d 1047 (Tenth Cir. 1978); *United States v. Bambulas*, 571 F.2d 525, 527 (Tenth Cir. 1978). As the Defendant in this case did not show at the evidentiary hearing that he has been prejudiced by the preindictment delay in this case, he has not sustained the burden placed upon him by the *Marion* and *Lovasco* cases. In addition, the Defendant has not shown the required ulterior motive of the prosecution.

Accordingly, Defendant's Motion to Dismiss the Indictment herein for alleged Speedy Trial Act violations or preindictment delay should be overruled.

## MOTION TO SUPPRESS

Defendant has moved the Court to exclude any evidence of other alleged criminal acts by him from being admitted at trial. The Court has conducted a pretrial evidentiary hearing on this motion.

At said hearing the Government indicated that there was a possibility that it would seek to introduce evidence of Defendant's convictions in Florida in 1978 for burglary and attempted bank robbery as well as evidence of other bank robberies in Colorado and New Jersey in which the Defendant is a suspect. The Government contends that such evidence would be admissible in the trial of this case pursuant to Rules 609 and 404(b), Federal Rules of Evidence.

### RULE 609[1]

The Government does not contend that Defendant's prior convictions involve "dishonesty or false statement" and thus does not rely upon Rule 609(a)(2); rather, it maintains that the Defendant's prior convictions are admissible under Rule 609(a)(1) on the basis that the probative value of such evidence outweighs any prejudicial effect that it might have.

Defendant argues that evidence of his prior convictions should be excluded as it is more prejudicial than probative and would possibly prevent him from testifying in his own behalf at trial.

Rule 609(a)(1) states that evidence of conviction of a crime shall be admitted if it is a felony "and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect" to the defendant. It is clear in the instant case that Defendant's prior convictions are felonies and that they are within the 10-year time

1. This Rule provides in pertinent part:
 IMPEACHMENT BY EVIDENCE OF CONVICTION OF CRIME
 (a) *General rule.* For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.
 (b) *Time limit.* Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.
 *See generally,* Annot., Construction and application of Rule 609(a) of the Federal Rules of Evidence permitting impeachment of witness by evidence of prior conviction of crime, 39 A.L.R.Fed. 570 (1978).

requirement set forth in Rule 609(b). The Court must then balance the probative value of admitting the evidence of such convictions against its prejudicial effect.

■ Application by the courts of the Rule 609(a)(1) requirement that a determination be made that the probative value of admitting the evidence outweighs its prejudicial effect has generally followed the formula developed in the District of Columbia Circuit in a string of cases starting with *Luck v. United States*, 348 F.2d 763 (D.C. Cir.1965), and including *Gordon v. United States*, 383 F.2d 936 (D.C.Cir.1967), *cert. denied*, 390 U.S. 1029, 88 S.Ct. 1421, 20 L.Ed.2d 287 (1968). The factors discussed by then Judge Burger in *Gordon* are:

(1) the nature of the crime;

(2) the time of conviction and the witness' subsequent history;

(3) similarity between the past crime and the charged crime;

(4) importance of defendant's testimony; and

(5) the centrality of defendant's testimony.[2]

### (1) *The nature of the crimes.*

As stated in *Gordon v. United States, supra*, 383 F.2d at 940:

In common human experience acts of deceit, fraud, cheating, or stealing, for example, are universally regarded as conduct which reflects adversely on a man's honesty and integrity. Acts of violence on the other hand, which may result from a short temper, a combative nature, extreme provocation, or other causes, generally have little or no direct bearing on honesty and veracity. A 'rule of thumb' thus should be that convictions which rest on dishonest conduct relate to credibility whereas those of violent or assaultive crimes generally do not; traffic violations, however serious, are in the same category.

■ In the instant case, the Court finds that Defendant's prior convictions for burglary and attempted bank robbery involve stealing and reflect adversely on his honesty and integrity and would thus be relevant to attack his credibility should he testify at trial. While such crimes may not come within the "dishonesty or false statement" class of crimes of Rule 609(a)(2), *see United States v. Seamster*, 568 F.2d 188, 191 (Tenth Cir. 1978); *United States v. Hayes*, 553 F.2d 824, 827 (Second Cir. 1977), *cert. denied*, 434 U.S. 867, 98 S.Ct. 204, 54 L.Ed.2d 143 (1977); *United States v. Smith*, 551 F.2d 348, 364 n. 28 (D.C.Cir.1976), so as to be automatically admissible for impeachment purposes, the Court nevertheless concludes that these convictions rest on dishonest conduct so as to be relevant with regard to Defendant's credibility. Thus, the nature of these crimes is a factor in favor of admitting evidence of them for impeachment purposes under Rule 609(a)(1).

### (2) *The time of conviction and the witness' subsequent history.*

The nearness or remoteness of the prior conviction is a factor of no small importance. Even one involving fraud or stealing, for example, if it occurred long before and has been followed by a legally blameless life, should generally be excluded on the ground of remoteness.

*Gordon v. United States, supra*, 383 F.2d at 940.

■ The time elapsed since the convictions here at issue is less than one year. There is no problem of remoteness in this case, for Defendant having been incarcerated from the convictions in question until the present could hardly be said to have led the "legally blameless life" which might dissipate the relevance of the past convictions. The Court is of the opinion that the Defendant's recent conflicts with the law is a factor supporting admission of the convictions for impeachment purposes.

---

**2.** While these factors were delineated prior to the adoption of the Federal Rules of Evidence in 1975, they are still relevant today. *See United States v. Mahone*, 537 F.2d 922, 929 (Seventh Cir. 1976); *United States v. Brewer*, 451 F.Supp. 50, 53 (E.D.Tenn.1978); 3 Weinstein's *Evidence* ⸀ 609[03], at 609–68 to 609–75 (1975).

**(3)** *Similarity between the past crime and the charged crime.*

Proof of prior convictions of a defendant for crimes identical or similar to the one for which he is being tried should be carefully scrutinized by the trial court in determining if the probative value of such evidence outweighs the prejudice to the defendant. *United States v. Seamster, supra,* 568 F.2d at 191. As stated by the court in *Gordon v. United States, supra,* 383 F.2d at 940:

> Where multiple convictions of various kinds can be shown, strong reasons arise for excluding those which are for the same crime, because of the inevitable pressure on lay jurors to believe that 'if he did it before he probably did so this time.' As a general guide, those convictions which are for the same crime should be admitted sparingly; one solution might well be that discretion be exercised to limit the impeachment by way of a similar crime to a single conviction and then only when the circumstances indicate strong reasons for disclosure, and where the conviction directly relates to veracity.

■ This principle would apply only to Defendant's prior attempted bank robbery conviction. Based on the principle stated in *Gordon,* the Court concludes that the similarity between the present charge of bank robbery and Defendant's prior conviction for attempted bank robbery is a factor against admitting evidence of that conviction for impeachment purposes.[3]

**(4) and (5)** *Final factors.*

■ Factors four and five seem to counterbalance each other in this case. While Defendant's testimony may be of some importance, a factor favoring nonadmission, at the same time his credibility may be a central issue in this case, a factor favoring admission.

In conclusion, the Court determines that both of Defendant's prior convictions should be admissible at the trial of this case for impeachment purposes pursuant to Rule 609(a)(1). Upon consideration of the foregoing factors in light of the information disclosed at the evidentiary hearing, the Court in its discretion finds that the probative value of the prior convictions outweighs the prejudicial effect knowledge of such convictions could have on the jury. Accordingly, the Court overrules Defendant's Motion to Suppress to the extent it seeks to have the Court exclude evidence of his prior convictions at the trial of this case. If necessary, the Court will give the jury a limiting instruction contemporaneously with the admission of such evidence.

### RULE 404(b)[4]

The Government further indicates that it may seek to introduce at trial evidence of *other bank robberies committed by the Defendant in Colorado and New Jersey, as well as the attempted bank robbery in Florida for which Defendant was convicted,* pursuant to Rule 404(b).

The Government maintains that this evidence would relate directly to the identity

---

**3.** *But see United States v. Oaxaca,* 569 F.2d 518, 526–27 (Ninth Cir. 1978), where the court indicated that a prior bank robbery conviction was not inadmissible *per se* in a prosecution for attempted bank robbery, as it was relevant to the defendant's credibility, which, in light of his alibi defense, was a key issue in the case. *See also United States v. Callison,* 577 F.2d 53, 55 (Eighth Cir. 1978), where the circuit court found no abuse of discretion by the trial court in ruling that the defendant's prior conviction for bank robbery could be used to impeach him in a prosecution for bank robbery, and *United States v. Tubbs,* 461 F.2d 43, 46–47 (Seventh Cir. 1972), *cert. denied,* 409 U.S. 873, 93 S.Ct. 205, 34 L.Ed.2d 124 (1972), where in an opinion rendered prior to the enactment of the Federal

Rules of Evidence the Seventh Circuit found that it was not an abuse of discretion for the trial court to admit evidence of the defendant's prior bank robbery and armed robbery conviction in a prosecution for bank robbery.

**4.** This Rule provides:

> *Other crimes, wrongs, or acts.* Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

of the Defendant as the guilty party in this case, as the methods by which all of these bank robberies were committed indicate a distinctive *modus operandi* that can be connected to the Defendant and that these other crimes establish that Defendant is one of a relatively limited class of persons with the special knowledge necessary to construct a device such as was used in all of the bank robberies.

 From the evidence disclosed at the evidentiary hearing, the Court is unable at this time to conclude that the evidence of other crimes allegedly committed by the Defendant is relevant to this case. To the extent the Government seeks to introduce such evidence under the identity exception to Rule 404(b), there is insufficient evidence before the Court to establish that the issue of identity is actually in dispute. The prosecution should only be permitted to introduce evidence of other crimes under the identity exception to Rule 404(b) where the question of identity is actually in issue. 22 Wright & Graham, *Federal Practice and Procedure* : Evidence § 5246, at 514 (1978).

Accordingly, Defendant's Motion to Suppress is sustained to the extent it seeks to exclude evidence of other crimes, wrongs or acts committed by him. This ruling, however, is subject to the Court's reconsideration at trial when and if it hears additional evidence relating to this matter.

It is so ordered.