UNITED STATES of America, Plaintiff,

v.

Dick Wilbur TEST, Defendant.

No. CR–83–237–W.

United States District Court,
W.D. Oklahoma.

Dec. 15, 1983.

William S. Price, U.S. Atty., John E. Green, 1st Asst. U.S. Atty., Oklahoma City, Okl., for plaintiff.

Howard H. Hendrick, Oklahoma City, Okl., for defendant.

ORDER

LEE R. WEST, District Judge.

This matter comes before the Court upon motion to dismiss by the defendant, Dick Wilbur Test. The United States Attorney has responded in opposition to this motion. The defendant is charged with the crime of failure to appear in violation of 18 U.S.C. § 3150.

On February 15, 1983, the defendant, with counsel, appeared before this Court

for sentencing in Case No. CR–82–221–W. At that time the Court sentenced Mr. Test to a period of incarceration and ordered him to report to the designated institution on March 15, 1983. The defendant did not report as ordered and a bench warrant for his arrest· was issued on March 29, 1983. The warrant was executed on April 22, 1983, and the defendant was thereafter delivered to the federal penitentiary in Leavenworth, Kansas.

On October 4, 1983, the Grand Jury returned the indictment in this action. The defendant was arraigned on October 20, 1983.

The defendant moves for dismissal based upon three theories: (1) the indictment is defective for failure to state facts which constitute a crime pursuant to 18 U.S.C. § 3150; (2) the indictment should be dismissed because of the government's violation of 18 U.S.C. § 3161(b); or (3) the indictment should be dismissed because it is the result of prosecutorial vindictiveness.

■ The defendant contends that the indictment is defective because it does not state facts which constitute a crime pursuant to 18 U.S.C. § 3150. The defendant alleges that his failure to appear at the designated institution is not equivalent to failing to appear before any court or judicial officer, which is the conduct proscribed by the statute. We disagree. In *United States v. Burleson*, 638 F.2d 237 (10th Cir. 1981), the court addressed issues presented in a case similar to the one at bar. In *Burleson* the court rejected the defendant's argument that his conduct was not in violation of 18 U.S.C. § 3150 because he had failed to report to a marshall not a court or judicial officer. According to the court, the trial court's order for Burleson to report to the marshall made the marshall the court's agent for that limited purpose. 638 F.2d at 238. The court arrived at this result after examining the purpose of the statute—to provide sanctions against bail jumping—and considering judicial economy

in allowing the court to order the defendant to report directly to the marshall.

The defendant argues that *Burleson* is inapposite because this Court ordered Test to report to the designated institution rather than to a marshall. We do not believe the distinction to be of significance. Test was ordered to report to the institution. The only reasonable interpretation of that order is that the defendant was to report to the appropriate officers at that institution. These officers were appointed agents of the Court for the limited purpose of having Test report to them. We, therefore, find this contention to be without merit.

■ The defendant further contends that the indictment should be dismissed because of the failure of the government to comply with the requirements of 18 U.S.C. § 3161(b). The statute reads:

(b) Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with summons in connection with such charges ...

18 U.S.C. § 3161(b). The defendant alleges that since he was arrested on April 22, 1983, and the indictment was not returned until October 4, 1983, the charges should be dismissed. When the defendant was arrested in April 1983, he was not arrested because of the bail-jumping charge; he was arrested because of the charges in Case. No. CR–82–221–W. According to the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the Western District of Oklahoma,

[i]f a person has not· been arrested or served with a summons on a Federal charge, an arrest will be deemed to have been made at such time as the person (i) is held in custody solely for the purpose of responding to a Federal charge; (ii) is delivered to the custody of a Federal official in connection with a Federal charge; or (iii) appears before a judicial

officer in connection with a Federal charge.

Rule 38, Rules of the United States District Court for the Western District of Oklahoma. Applying these rules, the arrest of the defendant on these charges did not occur until October 20, 1983, when he appeared before the Court for arraignment on these charges. *United States v. Cueto*, 506 F.Supp. 9 (W.D.Okl.1979). Accordingly, there was no violation of the time requirements of 18 U.S.C. § 3161(b) of the Speedy Trial Act. In his reply brief, the defendant urges *United States v. Quillen*, 468 F.Supp. 480 (E.D.Tenn.1978), as authority. In that case, the district court dismissed the case after determining a purposeful delay was in violation of Rule 48(b), Fed.R. Crim.P. However, the Court finds both the case and the rule inapposite since Mr. Test was not arrested in April on this charge.

As his final proposition, defendant contends that his prosecution is the result of prosecutorial vindictiveness because of defendant's assertion of certain rights in relation to Case No. CR–82–221–W. Since this case was filed after the defendant made application for a reduced sentence (June 22, 1983), and after the defendant requested permission to withdraw his guilty plea (July 29, 1983), and after the defendant's request for a transcript *in forma pauperis* (July 29, 1983), the defendant contends that the charges are the result of prosecutorial vindictiveness.

■■■ The law distinguishes between conduct by prosecutors which punishes a person because he has exercised a statutorily or constitutionally protected right and conduct by the prosecutor which is aimed at punishment for suspected criminal behavior. *United States v. Goodwin*, 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982). The former is a violation of the Due Process Clause, *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974). The latter is a legitimate purpose of criminal proceedings. *United States v. Goodwin, supra*. Since the motive for a prosecutor's action is difficult to ascertain, the law presumes vindictiveness in certain limited circumstances. *Blackledge v. Perry, supra; North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). The scope of the presumption of vindictiveness was addressed by the Supreme Court in *United States v. Goodwin, supra*. In that case the Court found that while there are substantial reasons for applying the presumption in cases where the defendant has exercised post-trial rights and is being tried a second time, the reasons for the presumption are not compelling in the give and take of a pre-trial setting. Based on this ruling the Court is not persuaded that the defendant is entitled to a presumption of vindictiveness, but must make a showing of actual vindictiveness. There is no evidence before the Court which supports the defendant's allegations. The defendant requested a reduction of his sentence in June and the Court ordered a reduction on the same day. The defendant moved to be allowed to withdraw his guilty plea in July and that request was denied on the same day. The defendant was indicted approximately three months after the Court had ruled on these motions. There is no evidence of a correlation between defendant's motions and the indictment. Without some evidence of vindictiveness, this proposition must fail.

IT IS THEREFORE THE ORDER OF THIS COURT that defendant's Motion to Dismiss should be and hereby is DENIED.