**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Daniel E. CAPEN, Defendant-Appellee.**

**No. 77–1502.**

United States Court of Appeals, Seventh Circuit.

Argued Nov. 2, 1977.

Decided Feb. 22, 1978.

As Amended Feb. 27, 1978.

---

David C. Mebane, U. S. Atty., John A. Franke, Asst. U. S. Atty., Madison, Wis., for plaintiff-appellant.

W. Dan Bell, Jr., Madison, Wis., for defendant-appellee.

Before SPRECHER and TONE, Circuit Judges, and GRANT, Senior District Judge.*

GRANT, Senior District Judge.

The sole issue of this appeal is whether a criminal defendant may be prosecuted under 18 U.S.C. § 3150 for failing to report to a United States Marshal in violation of a Court Order specifying such reporting as a condition of his release pending trial.

On December 8, 1976, defendant-appellee, Daniel Capen, was arrested and charged with the impersonation of an officer of the United States. He was unable to make bond but, on December 15, 1976, an Amended Order Specifying Methods and Conditions of Release was entered which provided, *inter alia,* that Capen be released on his personal recognizance and that he report in person to the United States Marshal three times weekly. On December 22, 1976, Capen appeared before the Magistrate and at that time the Order was amended to provide that Capen need report in person to the Marshal on Wednesdays only.

On December 29, 1976, Capen appeared before Judge Doyle and pleaded guilty to the impersonation charge, in violation of 18 U.S.C. § 912. The bail conditions were continued pending sentencing. On January 26, 1977, Capen failed to report to the Marshal as required, and the following day a bench warrant was issued for his arrest. Capen also missed the next two scheduled appearances until February 10, 1977, when he was arrested by local officials on state charges and was subsequently returned to federal custody.

On February 16, 1977, Capen was indicted for failure to report to the United States Marshal, in violation of 18 U.S.C. § 3150. He entered a plea of not guilty along with a motion to dismiss, which motion was granted by the district court.

Section 3150 provides criminal penalties for the failure to appear before any court or judicial officer as required.[1] Thus, the sole question here presented is whether or not a United States Marshal is a "judicial officer" within the meaning of Section 3150.

To this end, the government recognizes that 18 U.S.C. § 3156 defines a "judicial officer" as one qualified to release a defendant and that 18 U.S.C. § 3041, which enumerates those persons qualified to release a defendant, does not include United States Marshals. Nevertheless, it is argued by the government that recent decisions indicate that convicted defendants who fail to report to a United States Marshal can be prosecuted for violation of Section 3150 upon the theory that the Marshal is the designated agent of the court. *See, e. g., United States v. Black,* 543 F.2d 35 (7th Cir. 1976); *United States v. Harris,* 544 F.2d 947 (8th Cir. 1976); *United States v. Bright,* 541 F.2d 471 (5th Cir. 1976); *United States v. Logan,* 505 F.2d 35 (5th Cir. 1974); *United States v. West,* 477 F.2d 1056 (4th Cir. 1973). However, all of these cases rest upon the fact that the defendant failed to

---

* Senior District Judge Robert A. Grant of the Northern District of Indiana is sitting by designation.

1. 18 U.S.C. § 3150 reads:

Whoever, having been released pursuant to this chapter, willfully fails to appear before any court or judicial officer as required, shall, subject to the provisions of the Federal Rules of Criminal Procedure, incur a forfeiture of any security which was given or pledged for his release, and, in addition, shall, (1) if he was released in connection with a charge of felony, or while awaiting sentence or pending appeal or certiorari after conviction of any offense, be fined not more than $5,000 or imprisoned not more than five years, or both, or (2) if he was released in connection with a charge of misdemeanor, be fined not more than the maximum provided for such misdemeanor or imprisoned for not more than one year, or both, or (3) if he was released for appearance as a material witness, shall be fined not more than $1,000 or imprisoned for not more than one year, or both.

report to a United States Marshal for commencement of his sentence. While any failure to appear is a serious matter, it must be recognized that here we are involved with a failure to report as a condition of release while awaiting sentencing.

Capen, on the other hand, notes that we must construe any ambiguity in these criminal statutes strictly in favor of the defendant. *United States v. Bass,* 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971); *United States v. Campos-Serrano,* 404 U.S. 293, 92 S.Ct. 471, 30 L.Ed.2d 457 (1971). Accordingly, he would require us to conclude that a United States Marshal may never be construed as a "judicial officer" for purposes of Section 3150.

However, we are persuaded, by the reasoning of *United States v. Bright,* 541 F.2d 471 (5th Cir. 1976). In *Bright,* the Fifth Circuit reviewed *United States v. Logan, supra,* and *United States v. West, supra,* and concluded that when a district court, after sentencing, orders a defendant to surrender to a United States Marshal, the Marshal acts as the court's designated agent for the limited purpose of taking the defendant into custody. We have already indicated approval of this approach, by way of footnote, in *United States v. Black,* 543 F.2d 35, 37 n.3 (7th Cir. 1976). If Capen's failure had been to report for sentencing, our task would be finished. But where, as here, the default is the failure to meet a condition of release, we agree with the district court below that the test should be this: whether the defendant has failed to appear at a significant stage in the criminal proceedings against him. Under this approach, it is clear that the failure to report to a United States Marshal for the commencement of sentencing would be a significant stage of the proceedings. Where, as here, however, the failure is a failure to report to the United States Marshal as required by a condition of his release, the trial court retains the full panoply of lesser traditional penalties including forfeiture of both the defendant's bail and/or his freedom. It is not a separate criminal act under Section 3150.

It is important to note that by our decision today we are only excluding the use of Section 3150 in situations which do not constitute a significant stage of the proceedings. We have concluded that failure to meet a condition of release, i. e., the failure to meet a weekly obligation to report to the United States Marshal, does not rise to this level. What other parts of a criminal proceeding will qualify as a "significant stage" should best be left for future definition.

*Affirmed.*