**Joseph J. LASTUFKA, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 7240.**

Court of Appeals of Alaska.

May 6, 1983.

---

Jack D. Clark, Birch, Horton, Bittner, Pestinger & Anderson, Anchorage, for appellant.

Jeffrey W. Cole, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Norman L. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., COATS, J., and SOUTER, Superior Court Judge.*

## OPINION

COATS, Judge.

On August 17, 1982, Joseph Lastufka was selected and sworn as a juror in *State v. Bush.* On August 18, 1982, the first day of trial for *State v. Bush,* Lastufka telephoned the trial judge's secretary. He informed her that he would not appear since he had to go out of town due to his job. The secretary informed Lastufka that he would not be excused from jury duty, that if he did not appear it could result in a mistrial, and that the trial judge would probably issue an order to show cause why he should not be held in contempt. Nevertheless, Lastufka did not appear for jury duty. The parties to *State v. Bush* agreed to use the alternate juror to proceed with the case. The case proceeded without further problems.

Lastufka was ordered to show cause why he should not be held in contempt of court for failure to appear for jury duty. Lastufka appeared on the order to show cause in front of Judge Victor Carlson. Lastufka waived jury trial and admitted that his failure to appear was wilful. Judge Carlson sentenced Lastufka to serve 120 hours in jail for the violation. Lastufka appeals the sentence to this court. He argues that the contempt offense that he committed is punishable by a maximum sentence of a $100 fine, and that therefore Judge Carlson had no authority to sentence him to jail. We agree with Lastufka that the statutory crime with which he was charged carries a maximum sentence of $100 and accordingly we reverse the judgment of the superior court.

The statutes governing contempt of court are set out in AS 09.50.010 and AS 09.50.-020. AS 09.50.010 states in relevant part:

> *Acts or omissions constituting contempt.* The following acts or omissions in respect to a court of justice or court proceedings are contempts of the authority of the court:
>
> (1) disorderly, contemptuous, or insolent behavior toward the judge while holding court, tending to impair its authority or to interrupt the course of a trial or other judicial proceeding;
>
> (2) a breach of the peace, boisterous conduct, or violent disturbance, tending to interrupt the course of a trial or other judicial proceeding;
>
> . . . .
>
> (11) when summoned as a juror in a court, neglecting to attend or serve. . . .

AS 09.50.020 states:

> *Penalty.* A person who is guilty of contempt is punishable by fine of not more than $300 or by imprisonment for

---

* Souter, Superior Court Judge, sitting by assignment made pursuant to article IV, section 16 of the Constitution of Alaska.

not more than six months. However, when the contempt is one mentioned in § 10(3)—(12) of this chapter, or in an action before a magistrate, the person is punishable by a fine of not more than $100 unless it appears that a right or remedy of a party to an action or proceeding was defeated or prejudiced by the contempt, in which case the penalty shall be as prescribed for contempts described in § 10(1) and (2) of this chapter.

The state concedes that Lastufka's contempt was not a direct contempt subject to punishment under AS 09.50.010(1) or (2). *Taylor v. District Court,* 434 P.2d 679, 681 (Alaska 1967). The state also concedes that no "right or remedy of a party to an action or proceeding was defeated or prejudiced" by Lastufka's contempt.[1] Rather, the state argues that Judge Carlson had the authority to impose a sentence greater than that authorized by statute because the court had inherent power to punish contempt. We assume, without deciding, that the court has inherent powers to punish contempt. *Continental Insurance Cos. v. Bayless and Roberts, Inc.,* 548 P.2d 398 (Alaska 1976).

However, in this case Lastufka was never given any notice that the court was invoking its inherent powers or that he was subject to any penalty other than a hundred dollar fine. In moving for an order to show cause, the state moved pursuant to AS 09.50.010(11). When Lastufka waived jury trial, the form that he signed stated that he was charged with AS 09.50.010(11). When Lastufka entered his admission to the contempt, the state's attorney indicated that Lastufka was charged with AS 09.50.010(11) and that the maximum fine was $100. In taking Lastufka's admission, Judge Carlson never asked Lastufka if he

was aware of the potential punishment for the offense.[2] Thus, at least until his sentence was imposed, Lastufka had every reason to believe that he was charged only under AS 09.50.010(11) and that he was facing a maximum penalty of $100. He was at no time informed of the possibility that the court would seek to invoke its inherent authority to impose a greater penalty for contempt. We conclude that under these facts the court did not give Lastufka sufficient notice to impose a jail sentence under its inherent power to punish contempt. We therefore conclude that Lastufka was charged with AS 09.50.010(11) and that the maximum penalty for that charge was $100. Lastufka has entered his admission to that charge. Accordingly, we reverse the judgment of the superior court sentencing Lastufka to serve 120 hours in jail. We direct the superior court to sentence Lastufka to a fine not to exceed $100.

REVERSED AND REMANDED.

1. Assuming that the state's concessions on these points are not required as a matter of law, the concessions are certainly valid. Lastufka was not given notice that he was being charged under AS 09.50.010(1) or (2) or that he was being charged with a more serious contempt of court where he defeated or prejudiced the right of a party. This lack of notice is discussed *infra* in conjunction with rejecting the state's inherent powers argument.

2. Alaska R.Crim.P. 11(c)(3)(i) reads:

(c) *Pleas of Guilty or Nolo Contendere.* The court shall not accept a plea of guilty or nolo contendere from a defendant without first addressing the defendant personally and
. . . .
(3) informing him:
(i) of the mandatory minimum punishment, if any, and maximum possible punishment provided by the statute defining the offense to which the plea is offered. . . .