**Charles T. BURT, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–3550.

Court of Appeals of Alaska.

Dec. 20, 1991.

Allan Beiswenger, Robinson, Beiswenger & Ehrhardt, Soldotna, for appellant.

Kenneth M. Rosenstein, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., COATS, J., and ANDREWS, Superior Court Judge.*

OPINION

COATS, Judge.

Charles T. Burt was convicted, based upon his plea of no contest, of violating his conditions of release, an unclassified felony offense with a maximum sentence of five years of imprisonment. AS 12.30.060(1). In entering his plea, Burt reserved his right to raise an appellate issue. *See Cooksey v. State*, 524 P.2d 1251 (Alaska 1974). Burt contends that Superior Court Judge Charles K. Cranston erred in failing to dismiss the indictment against him. We affirm.

Burt was originally convicted of a felony for sexual abuse of a minor. He was ultimately sentenced to five years with all but forty-three months and fifteen days suspended. Burt was placed on probation for a period of five years following his release from custody. Burt served the unsuspended portion of his sentence and was released on probation.

---

\* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

Burt's probation officer filed a petition to revoke Burt's probation. Burt appeared in court before Judge Cranston and denied the allegations in the petition to revoke probation. Judge Cranston ordered Burt released on an unsecured bond of $10,000. Judge Cranston also set several other conditions for Burt's release. Burt signed a document called "Order and Conditions of Release." That document provided in part that:

> If defendant fails to appear before any court or judicial officer as required, an additional criminal case may be instituted against defendant. If the failure to appear is in connection with a felony charge ... the penalty is a fine of not more than $5,000 or imprisonment for not more than five years or both.

Judge Cranston ordered Burt to appear in court on August 30, 1988, at 2:30 p.m., for an adjudication hearing on the petition to revoke probation. Burt did not appear at the hearing and Judge Cranston issued a warrant for his arrest. Burt was arrested on the warrant in February 1990.

The state indicted Burt for violating his conditions of release. Alaska Statute 12.-30.060 provides in part:

> *Violation of conditions. A person released under the provisions of this chapter* who wilfully fails to appear before a court or judicial officer as required shall incur a forfeiture of any security which was given or pledged for the person's release and if the person was released
>
> (1) *in connection with a charge of felony,* or while awaiting sentence or pending appeal after conviction of an offense, is guilty of a felony and upon conviction is punishable by a fine of not more than $5,000 or by imprisonment for not more than five years, or by both....

(Emphasis provided.)

■ Burt raises a two-pronged attack on his indictment. He first contends that he was not released "in connection with a charge of felony." He quotes from *Trumbly v. State,* 515 P.2d 707, 709 (Alaska 1973) (footnote omitted):

A probation revocation hearing is not a criminal proceeding. The focus of the hearing should be to determine whether the probationer violated one or more of the conditions of his probation and the appropriate disposition in the event it is determined that petitioner violated his probation.

This contention appears to be answered by our recent decision in *State v. Stores,* 816 P.2d 206 (Alaska App.1991). In that case, Stores, a parolee, was charged with second-degree escape for running away from an officer who arrested him for a parole violation. Under AS 11.56.310, a person is guilty of escape in the second degree if, without lawful authority, he removes himself from "official detention for a felony." Stores argued that his arrest on a parole violation was not "for a felony." We disagreed, pointing out that the great weight of authority was to the effect that when Stores was arrested for a parole violation he was being arrested on his original felony charge. 816 P.2d at 209–10. In the process of arriving at this decision, we cited *State v. Perencevic,* 54 Wash.App. 585, 774 P.2d 558 (1989). Perencevic was a probationer who was being detained in jail on warrants for probation violations which arose out of his prior felony convictions. Perencevic attempted to escape, and was charged under a statute which had as an element that Perencevic was being "detained pursuant to a conviction of a felony." The Washington court concluded that when a probationer was being detained in jail for probation violations, he was being "detained pursuant to a conviction of a felony." Following *Stores* and *Perencevic,* we conclude that Burt was being held "in connection with a charge of felony" when he was held for a probation violation on a felony offense.

■ Burt next contends that he was not "released under the provisions of this chapter." Burt cites *Martin v. State,* 517 P.2d 1389, 1397–99 (Alaska 1974), as support for his position that he was not released under the Alaska Bail Act, AS 12.30, but was rather released under the inherent power of the court. In *Martin,* the supreme

court decided the rights of various defendants to release on bail under Alaska law. One of the cases which the court decided was the right to bail of a defendant who was facing probation revocation proceedings. The court stated:

> We do not interpret Article I, section 11 of the Alaska Constitution to extend the right of bail to probation revocation proceedings. While the Alaska Constitution and statutes insure to the accused in all criminal prosecutions a right to bail, Martin was not the accused in a criminal prosecution at the time he requested bail from the trial court.
>
> *Nor do we find that appellant was entitled to bail under the Alaska Bail Act.* His reliance on AS 12.30.010 is misplaced, because the right to bail under this statute is guaranteed prior to conviction. When a defendant reaches the status of a probationer, he can no longer claim the right to bail protected by AS 12.30.010. *Nor can he claim bail under the probation statutes, since they fail to mention bail, and AS 12.-30.040, which provides for release after trial is limited in application to convicted persons awaiting sentence or whose appeal is pending.*
>
> While we hold that appellant Max Ray Martin was neither entitled to bail under the Alaska Constitution nor the Alaska Bail Act, we suggest bail should be withheld pending revocation proceedings only in unusual cases. Trial judges have wide latitude in imposing suitable conditions for prehearing release, other than the denial of bail.

*Id.* at 1398 (footnotes omitted; emphasis provided). We have interpreted *Martin* as "recognizing an inherent power in the trial courts to grant bail where no statute or constitutional provision expressly authorizes or prohibits it." *Stiegele v. State,* 685

P.2d 1255, 1261 (Alaska App.1984); *Dobrova v. State,* 674 P.2d 834 (Alaska App. 1984), *aff'd,* 694 P.2d 157 (Alaska 1985).

As a starting point, because both the Alaskan probation and bail statutes are modeled after federal law, we have looked to federal authority in resolving this issue.[1] The only federal authority which we have found supports the proposition that a person who has been convicted of a felony and is released pending a probation revocation is subject to being charged for failure to appear under the federal Bail Reform Act. In *United States v. Garner,* 478 F.Supp. 1 (W.D.Tenn.1979), the court upheld a conviction of a probationer under prior 18 U.S.C. § 3150 (now § 3146), the failure to appear section of the federal Bail Reform Act. The court revoked Garner's probation and sentenced him to nine months' incarceration with two years of probation to follow. The judge released Garner on his own recognizance at the conclusion of the revocation hearing and ordered him to surrender to the United States Marshal on a given date. Subsequently, Garner failed to turn himself in and was eventually convicted for failure to appear.

The *Garner* court essentially held that probationers, by virtue of their probation status, are "awaiting sentence" within the language of prior 18 U.S.C. § 3148 (and current § 3143). Because the court retains jurisdiction over the probationer throughout the period of probation, *see* 18 U.S.C. §§ 3651, 3653 (the federal probation statutes), probationers remain "in custody" and are encompassed by the "awaiting sentence" language of prior 18 U.S.C. § 3148 (and current § 3143) from the time of release from confinement until the successful completion of probation. *See Garner,* 478 F.Supp. at 3. The language of AS 12.30.-040 [2] (the "awaiting sentence" provision of

**1.** The Alaska Bail Act "was based, largely on SB 1357, 89th Congress, First Session." AS 12.30, *Revisor's Notes.* AS 12.30 parallels the language of the federal Bail Reform Act. The Alaska probation statutes are substantially similar to the federal probation statutes. *See Brown v. State,* 559 P.2d 107, 109–10 (Alaska 1977).

**2.** AS 12.30.040 provides in part:

A person who has been convicted of an offense and is awaiting sentence ... shall be treated in accordance with the provisions of AS 12.30.020 unless the court has reason to believe that no one or more conditions of release will reasonably assure the appearance of the person as required or prevent the person from posing a danger to other persons and the community.

the Alaska Bail Act) and AS 12.55.080, .090, and .100 (the probation statutes) parallel the language of the federal bail and probation statutes on which the court relied in *Garner.*

Our conclusion that federal probationers are released pursuant to the federal Bail Reform Act is reinforced by the holding in *United States v. Giannetta,* 695 F.Supp. 1254 (D.Me.1988). In that case, Giannetta was facing revocation of his probation. The court concluded that it had authority to release Giannetta on bail under the provisions of the federal Bail Reform Act, although it declined to do so.

We believe that policy arguments support following the federal authority which holds that probationers are released under the Bail Act and are subject to penalties under the Bail Act for failure to appear. We see no reason to treat a person who fails to appear after he has been convicted and is on probation any more favorably than a person who fails to appear when he is initially facing charges before he is convicted and is presumed innocent, or when he has been convicted and is on bail release pending appeal. It is reasonable to assume that the legislature intended that the defendants in all of these situations face charges for failure to appear if they violated their conditions of release.[3]

*Martin v. State* does not require a different conclusion. The direct holding of *Martin* is that a person who is facing a probation revocation is not entitled to release on bail under AS 12.30.010 *as a matter of right.*[4] The *Martin* court nevertheless recognized that the trial court has discretionary authority to release a person charged with a probation violation on bail. In so doing, *Martin* did not hold that the procedural provisions of AS 12.30 are generally

inapplicable when the court does exercise its discretionary power to set bail for an accused probation violator, and the *Martin* court did not indicate that a release under such circumstances would not be deemed a "release under" that chapter. We accordingly hold that probationers who are released pending revocation, or similar judicial proceedings, are released under the Alaska Bail Act and are subject to the penalties under the Bail Act for failure to appear.

We conclude that Judge Cranston did not err in refusing to dismiss the indictment.

The conviction is AFFIRMED.

---

**3.** If the penalties for failure to appear in the Bail Act did not apply to defendants who were released pending probation violations, the court could of course punish these failures to appear under its contempt power, including the court's inherent power to punish for contempt. However, the court's inherent power to punish contempt is not well defined. It appears to us that there could be considerable confusion involved in charging probationers who violate their conditions of release with contempt rather than

with failure to appear. *See Stadler v. State,* 813 P.2d 270, 273–75 (Alaska 1991); *Lastufka v. State,* 662 P.2d 991 (Alaska App.1983).

**4.** Alaska Statute 12.30.010 provides:

A defendant in a criminal proceeding is *entitled* to be admitted to bail before conviction as a matter of right.
(Emphasis provided.)