**UNITED STATES of America**

v.

**Daniel J. SULLIVAN.**

**Crim. A. No. 85–00039.**

United States District Court,
E.D. Pennsylvania.

April 14, 1986.

---

Edward S.G. Dennis, Jr., U.S. Atty., Joel M. Friedman, Atty. in Charge Philadelphia Strike Force, Ronald G. Cole, Sp. Atty., Philadelphia, Pa., for U.S.

Alan Dexter Bowman, Newark, N.J., for defendant.

## MEMORANDUM AND ORDER

KATZ, District Judge.

This case raises the interesting issue of whether the District Court has jurisdiction to revoke bail after affirmance of a conviction by the Court of Appeals, but before the mandate of the appellate court is issued. The government has moved for commitment; the defendant responds that he is petitioning the Supreme Court of the United States for a writ of certiorari. Finding that there is jurisdiction and that defendant's chances of obtaining review or reversal from the Supreme Court run from slim to none, I revoke the bail.

On August 1, 1985, I sentenced the defendant to two years of imprisonment for income tax evasion. The defendant appealed his conviction, and I permitted him to remain at liberty pending appeal, pursuant to 18 U.S.C.A. § 3143(b) (West 1985). At that time I found that the defendant's appeal raised a substantial question of law or fact likely to result in reversal or an order for a new trial. *Id. See United States v. Miller*, 753 F.2d 19 (3d Cir.1985).

On March 31, 1986, the Third Circuit Court of Appeals affirmed defendant's conviction in a memorandum opinion. *United States v. Sullivan*, 787 F.2d 585 (3d Cir. 1986). However, its mandate has not come down as yet. Rule 41(a) of the Federal Rules of Appellate Procedure provides that the mandate of the court will generally issue 21 days after the entry of judgment. Fed.R.App.P. 41(a). However, the mandate could be stayed longer pending application to the Supreme Court for a writ of certiorari. Fed.R.App.P. 41(b).

It is axiomatic that the filing of a timely and sufficient notice of appeal immediately transfers jurisdiction from the district court to the court of appeals with respect to any matters involved in the appeal. 9 *Moore's Federal Practice*, ¶ 203.11, at 3–44. After the filing of appeal, the district court is divested of jurisdiction of those matters appealed until it receives the mandate of the court of appeals. *Id.*, at 3–45—3–47.

My reading of the law is that unless the defendant is specifically appealing a detention order, I retain jurisdiction of the case, so far as release or detention issues are concerned.

Although there are no cases directly on point in this circuit, the issue arose in *United States v. Black*, 543 F.2d 35 (7th Cir. 1976). In *Black*, the defendant was released on bail pending appeal. Subsequently, the circuit court affirmed the defendant's conviction. Before the Clerk of the District Court received the mandate of the circuit court, the district court ordered the defendant to begin serving his sentence. The defendant failed to report and was indicted and convicted of willfully failing to appear before a judicial officer as required. On appeal, the defendant argued that prior to receiving the mandate of the court of appeals, the district court was without jurisdiction to require him to appear for service of his sentence.

The court of appeals affirmed defendant's conviction for failure to appear before

a judicial officer. It held that despite the lack of a mandate, the district court retained jurisdiction over the defendant for purposes of release or detention. This power, the court stated, arose implicitly from the statute empowering the district court to impose conditions upon release:

"The filing of a notice of appeal, although transferring jurisdiction over the case from the district court to the Court of Appeals, does not render the district judge powerless or without jurisdiction to enforce the conditions of a bond under which defendant has been released pending appeal. The court retains jurisdiction over the person of the defendant at least for the limited purposes of reviewing, altering or amending the conditions under which that court released the defendant, and is empowered to revoke or forfeit the defendant's bond during the pendency of an appeal for any of the reasons which would have supported an initial denial of the defendant's application for release. In view of the fact that, during the pendency of an appeal, facts may come to light which render it advisable for the district court to alter the conditions upon which defendant has been released, or to revoke his bond altogether, the same statute which explicitly empowers the district court to impose conditions upon release pending appeal, implicitly empowers the court to make such adjustments in those conditions as circumstances may necessitate."

543 F.2d at 37. *Accord United States v. Catino,* 562 F.2d 1, 4 (2d Cir.1977).

The applicable provision of the bail statute gives a judicial officer authority to release or detain an individual "who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal *or a petition for a writ of certiorari....*" 18 U.S.C.A. § 3143(b) (emphasis added). Rule 9(b) of the Federal Rules of Criminal Procedure provides that application for release after a judgment of conviction shall be made in the first instance in the district court. Fed.R.Crim.P. 9(b). The Third Circuit has held that the district court retains authority to determine matters regarding bail, notwithstanding an appeal from the judgment of conviction. *United States v. Provenzano,* 605 F.2d 85, 91 (3d Cir.1979). Fed.R.App.P. 9(b) advisory committee note.

■ The district court's authority in this matter does not stem from any lack of power on the part of the circuit court, whose jurisdiction attaches once a notice of appeal is filed. *United States v. Stanley,* 469 F.2d 576, 583 (D.C.Cir.1972) (and cases cited therein). Rather, the initial resolution of applications for release pending appeal have traditionally been committed to trial courts which are "the superior tribunal for the kind of information-gathering which a sound foundation for a bail ruling almost inevitably requires." *Id.* at 581–82; *United States v. Provenzano,* 605 F.2d at 91.

On the basis of my reading of the law in this area, I conclude that I have the power to revoke bail under 18 U.S.C. § 3143(b), before the circuit court's mandate is issued.

In order to grant bail in this case, the defendant must establish and the court must find:

(1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;

(2) that the appeal is not for purposes of delay;

(3) that the appeal raises a substantial question of law or fact; and

(4) that if the substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed. *United States v. Miller,* 753 F.2d 19, 24 (3d Cir.1985).

■ Defendant fails to meet the third criterion. To conclude that defendant's appeal raises a "substantial question," I must find that the significant question at issue is one which is either novel, *which has not been decided by controlling precedent,* or which is fairly doubtful." *Id.* at 23 (emphasis added). In view of the decision of the court of appeals in this matter, I find that there is no substantial question for further

**1542**

appeal, based on my review of the appellate briefs submitted by defense counsel.